### JOHN B. LANGDON *v.* GEORGE BURRILL.

The plaintiff made certain advances for the defendant, and received from him a bill of sale of certain butter and cheese, under an agreement, that if a draft, which the defendant drew to reimburse the plaintiff for his advances, were not duly paid, the plaintiff might consign the butter and cheese to certain commission merchants in Boston, for sale. The draft not being paid, the property was consigned by the plaintiff to the commission merchants named, and was sold by them for less than the amount due to the plaintiff; and the plaintiff thereupon brought this suit to recover the balance due him. *Held,* that the plaintiff's right of recovery did not depend upon whether the defendant had, or had not, a remedy against the commission merchants, for any unfaithfulness on their part, and that the determining that question was unimportant; but that instructions to the jury, given in reply to questions put by them, that the defendant had a right of action against the commission merchants, in the name of the plaintiff, for the defendant's benefit, and that he had also a remedy by suit in his own name, provided he was the general owner of the property, were not erroneous.

INDEBITATUS ASSUMPSIT. Plea, the general issue, and trial by jury, November Term, 1846,—REDFIELD, J., presiding.

On trial it appeared, that the plaintiff, at the request of the defendant, had made advances and incurred liabilities for the defendant in the purchase of a quantity of butter and cheese; that the defendant drew a draft upon his brother, at Worcester, Massachusetts, to reimburse the plaintiff, and also executed to the plaintiff a bill of sale of the butter and cheese, under an agreement, that, if the draft were not duly paid, the plaintiff might consign the butter and cheese to Hurd, Hutchins & Co., commission merchants in Boston, to be disposed of by them for the purpose of reimbursing the plaintiff. The commission merchants were selected by the plaintiff,—the defendant being wholly unacquainted with them. The

draft was not paid, and the butter and cheese were consigned by the plaintiff to Hurd, Hutchins & Co., and were sold by them at a loss; and the plaintiff brought this action to recover the amount due to him. The defendant claimed, and gave evidence tending to prove, that the loss was occasioned by some unfaithfulness on the part of the commission merchants.

The court charged the jury, that, if the contract were made by the defendant, the plaintiff expecting to look to him personally, and he expecting to be personally bound, and not being deceived or misled by the plaintiff, and the contract were as attempted to be shown by the plaintiff, and the butter and cheese were disposed of as agreed, and there were no fault on the part of the plaintiff, he was entitled to recover whatever was due to him upon the adventure, notwithstanding the jury might think, that the commission merchants, selected by the plaintiff, were unskilful, or unfaithful, and that loss thereby ensued upon the sale of the butter and cheese.

The jury, after being out some time, came in and inquired of the court, whether the defendant could recover of Hurd, Hutchins & Co. for any neglect of duty on their part in disposing of the property. The court told them, that, as the defendant gave to the plaintiff a bill of sale, which was absolute in its terms, and as the plaintiff had an interest in the adventure and made the consignment to Hurd, Hutchins & Co. in his own name, he might, if he chose, have maintained an action against them for any want of faithfulness on their part, or he might sue the defendant for any deficiency there might be in the sale, and leave him to such redress of them, and that, in seeking such redress, the court considered, that the defendant might sue in the plaintiff's name, for his own benefit, or in his own name, if he were the general owner of the property, or in the name of such person as was the general owner.

Verdict for plaintiff. Exceptions by defendant. It was stated in the bill of exceptions, that these last instructions no doubt had great effect in inducing the jury to return a verdict for the plaintiff.

*J. L. Buck* for defendant.

*J. A. Vail* and *Peck & Colby* for plaintiff.

Langdon *v.* Burrill.

The opinion of the court was delivered by

KELLOGG, J. The only question raised in this case arises upon the instructions given by the court, in answer to an inquiry made by the jury, after the case had been committed to them and they had retired for consultation, but before they delivered their verdict into court.

The plaintiff having made certain advances to and incurred liabilities for the defendant, the defendant, to secure a reimbursement of the same, executed to the plaintiff a bill of sale of a quantity of butter and cheese, under an express agreement with the plaintiff, that, if a certain draft, which the defendant drew for the purpose of paying the plaintiff for his advances, were not paid, he might consign the butter and cheese to the house of Hurd, Hutchins & Co. The draft not being paid agreeably to the terms of the contract, the produce was consigned by the plaintiff to the house agreed upon by the parties, and the avails of the same being insufficient to reimburse the plaintiff for his advances, the present suit was brought to recover the deficiency.

The instructions given to the jury, before they retired, were satisfactory to the parties, and were undoubtedly correct. And as to the inquiry addressed by the jury to the court, we are inclined to think, it was entirely unimportant, as the plaintiff's right to recover did not depend upon any answer called for by the inquiry. That the plaintiff was entitled to recover, provided the jury found the facts, which, under the charge of the court, they must have found, even if the defendant had no remedy against the consignees for their alleged unfaithfulness, we think there can be no doubt. The inquiry and answer were therefore unimportant in determining the issue submitted to the jury.

But we are of opinion, that the answer to the inquiry of the jury was substantially correct. The object of the inquiry was to ascertain, whether the defendant had a remedy against the consignees for their unfaithfulness. The jury were told that he had a remedy, by a suit in the name of the plaintiff for the defendant's benefit ; and this, we think, can hardly be doubted. And the jury were farther told, that the defendant had a remedy by suit in his *own name,* provided he was the general owner of the property. This, we are also inclined to think, was correct, when taken with the qualifica-

tion annexed, that they found the defendant the general owner of the property. The evidence tended to prove, that the defendant was the general owner, and that the plaintiff acted as his agent in making sale of the property. This agency, it is true, was coupled with an interest and a right to reimburse himself, from the avails of the produce, for the advances made. But if it were doubtful, whether the defendant could maintain a suit in his *own name* against the consignees, or even admitting that he could not, it is not such an error, as should affect the judgment.

The judgment of the county court is therefore affirmed.