WILLIAM F. GILL, Respondent, v. ÆTNA LIVE STOCK INSURANCE
                    COMPANY, Appellant.

| 82   363 |
| 41ap455 |

82h    363
e 76 AD²164

*Action on contract — a breach thereof must be alleged in the complaint — failure of
a plaintiff to ask on the trial for an amendment of the complaint — effect thereof
on an appeal — effect of admissions in the answer.*

It is a settled rule of pleading that the complaint in an action on a contract must, in
order to authorize a recovery, allege a breach thereof, and a complaint not con-
taining such an allegation may, under section 499 of the Code of Civil Pro-
cedure, be attacked at the trial because of such defect.

Where, on the trial of an action, the attention of the plaintiff is called to a defect
in the complaint, and he does not then request the court to exercise its power
of granting an amendment thereof, but instead invokes and obtains a determina-
tion of the trial court on the question of its sufficiency, the complaint upon
an appeal from the judgment rendered in favor of the plaintiff will not be
amended under the provisions of section 723 of the Code of Civil Procedure,
nor will such defect be disregarded upon such appeal under the provisions of
that section.

Such a defect in a complaint, in an action upon an insurance policy is not cured
by the service of an answer which, while admitting the death of the animal
insured, does not, however, concede all the conditions necessary to the creation
of a liability under the policy.

APPEAL by the defendant, the Ætna Live Stock Insurance Com-
pany, from a judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of Warren on
the 13th day of June, 1894, upon the decision of the court rendered
after a trial at the Warren Circuit.

This action was tried by the court, a jury trial having been waived
by the parties in open court.

The defendant, before any evidence was offered, moved that the
complaint be dismissed, on the ground that it did not state facts suf-
ficient to constitute a cause of action.

The motion was denied by the court, and the defendant excepted.

The plaintiff, thereupon, asked for judgment upon the pleadings,
and the defendant conceded, for the purpose of the motion, that the
plaintiff was the owner of the horse for the loss of which the action
was brought, and that the defendant's mortuary fund was sufficient
to pay the plaintiff's claim.

On these facts, and the pleadings in the action, the judge granted
plaintiff's motion for judgment, to which ruling and decision the

defendant objected and excepted, and from the judgment entered for the plaintiff the defendant appeals.

*Cameron & McArthur*, for the appellant.

*Charles R. Patterson*, for the respondent.

MAYHAM, P. J.:

The complaint in this case does not state a cause of action. The insurance policy was a contract on which an action could only be maintained after a breach.

Proof of all the facts alleged in the complaint, undisputed by other evidence, would not entitle the plaintiff to recover, and this seems to be conceded by the plaintiff. There was no allegation that there was any default in the payment by the defendant, or that any sum was due on the contract. (*Krower* v. *Reynolds*, 99 N. Y. 245–249; *Keteltas* v. *Myers*, 19 id. 231–233; *Tooker* v. *Arnoux*, 76 id. 397.)

These, and other authorities which might be cited, show that the settled rules of pleading require, in actions on contract, that the complaint must allege a breach to authorize a recovery, and a complaint not containing such an allegation may, under section 499 of the Code of Civil Procedure, be attacked at the trial for such defect. That objection was made by the defendant on the trial of this action and was overruled. That ruling, we think, was erroneous.

But it is insisted that the defect could have been cured by amendment at the trial, and that it may now be amended on this appeal under section 723 of the Code of Civil Procedure.

That section provides for the amendment on appeal in furtherance of justice, and on such terms as may be just, and it also provides for disregarding the defect which does not affect a substantial right. But I do not think that this case is one in which we should exercise the power conferred by that section of amending on this appeal, or disregarding the defect.

The attention of the plaintiff was sharply called to the defect in the complaint on the trial, and he did not then call upon the court to exercise its power of granting an amendment of the complaint, but rather invoked and obtained a determination of the trial court on the question of the sufficiency of the complaint.

The defendant had a right, therefore, to rely at its own risk upon the objection and exception, and it would not be in furtherance of justice on this appeal to relieve the plaintiff by amendment, and thus throw the burden and expense of the litigation on the defendant, when, if we are correct in holding this complaint insufficient, he was right and the plaintiff wrong before the trial court. Nor do I think the defect was cured by the answer.

The case is different from *Cohu et al.* v. *Husson* (113 N. Y. 662), relied upon by the plaintiff. In that case the note upon its face showed that it was past due, from which fact the law would imply a liability, and its execution having been admitted, and no allegation of payment being alleged, the existence of an outstanding unpaid demand arose from those facts, which became payable at the time of the maturity of the note.

It is true that the answer in this case admits the death of the horse, but under the conditions of the policy, as set out in the complaint, that alone does not necessarily create a liability. Other conditions to create a liability of the defendant are contained in the policy, which are not admitted, and which would require proof before it could be claimed that non-payment constituted a breach by the defendant of the terms of the contract.

The admission, therefore, in the answer does not cover all the facts necessary to be established by the plaintiff to create a liability, or prove a breach of the contract by the defendant.

We think, also, that there were other material allegations of the complaint which were controverted by the answer upon which the plaintiff was required to introduce proof, as the answer took issue upon them, and that it was error for the learned trial judge to find in favor of the plaintiff upon the complaint alone, unsupported by proof upon these controverted questions.

Judgment must be reversed and a new trial granted, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, new trial granted, costs to abide the event.