John W. Howard et al., Respondents, v. American Manu-facturing Company, Appellant.

Contract — Stipulated Test of Machinery Excused when the Other Party Failed to Furnish the Power as Agreed. Where a contractor agreed to furnish and erect air propellers for removing smoke from the tempering room of a manufacturing company, to run with power furnished by the company, the work of construction to be performed to the satisfaction of the engineer of the company, and subject to its appro-bation after a thirty days' trial, and the contractor having obtained the certificate of the engineer that the apparatus was properly constructed, but such trial could not be made because the company failed to fur[ ]h the power, the contractor is relieved from such test and is entitled to recover the contract price, under the rule that where the obligation of one party to perform is dependent upon prior action by the other, the refusal of the latter to perform dispenses with the obligation of the former.

(Argued February 16, 1900; decided March 27, 1900.)

Appeal from a judgment of the General Term of the Superior Court of the city of New York, entered December 30, 1895, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial without a jury.

This action was brought to recover the contract price of three Blackman air propellers, erected by plaintiffs upon defendant's premises, the defendant having refused to pay the same upon the ground that the propellers have not performed the work for which they were erected.

The facts, so far as material, are stated in the opinion.

*Charles Edward Souther* for appellant. All prior and contemporaneous negotiations and oral promises in reference to the same subject are merged in the written contract, and the rights and duties of the parties are to be determined by that instrument. When that has been executed it is then con-clusively presumed that it contains the whole engagement of the parties. (*Engelhorn* v. *Reitlinger*, 122 N. Y. 76, 81; *Crouch* v. *Gutmann*, 134 N. Y. 45; *Romeyn* v. *Sickles*, 108 N. Y. 650.) The propriety of a nonsuit must be regarded as though the motion for it had been made at the close of the

case, the additional evidence after its denial, furnished by the plaintiff, being taken into account. (*S. & S. P. R. Co.* v. *Thatcher*, 11 N. Y. 102; *McCotter* v. *Hooker*, 8 N. Y. 497; *Jackson* v. *Leggett*, 7 Wend. 377; *Tiffany* v. *St. John*, 65 N. Y. 314.) In an action tried by the court and governed by the Constitution and Code as they existed in February, 1894, "a refusal to make any finding whatever, upon a question of fact, where a request to find thereupon is seasonably made by either party * * * is a ruling upon a question of law." (Code Civ. Pro. §§ 993, 1337; *Kennedy* v. *Porter*, 109 N. ⬤526.)

*Francis H. Wilson* for respondents. It was no part of plaintiffs' contract to repair the defendant's defective shafting. This was defendant's duty; and as its failure to do so prevented plaintiffs from demonstrating that the fans could remove the smoke as agreed, they were entitled to recover the contract price. (*Byron* v. *Mayor, etc.*, 7 N. Y. S. R. 17; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Niblo* v. *Binsse*, 3 Abb. Ct. App. Dec. 375; *Gallagher* v. *Nichols*, 60 N. Y. 438, 448; *Wyckoff* v. *Myers*, 44 N. Y. 143; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205.) It is no defense to plaintiffs' right to recover that the certificate does not cover the thirty days' approbation. Plaintiffs need only prove the fact of substantial performance. Even where a certificate is required by the terms of the contract and it can be shown that such certificate is unreasonably withheld, the work having been performed, it is no bar to plaintiffs' right to recover. (*Nolan* v. *Whitney*, 88 N. Y. 648; *Thomas* v. *Fleury*, 26 N. Y. 32; *Stewart* v. *Keteltas*, 36 N. Y. 392; *Heckmann* v. *Pinkney*. 81 N. Y. 211.)

PARKER, Ch. J. This action was tried before the court, a jury having been waived. Both parties presented requests to find. Findings were made to the effect that on or about the fifth day of December, 1890, the plaintiffs contracted with the defendant to furnish and erect in the tempering room of its

manufactory three Blackman Air Propellers, arranged to run on a vertical shaft, which were to discharge the air and smoke through existing inlets to the smokepipe leading to the chimney, plaintiffs to take the necessary power which the defendant company was to furnish from a line of shafting that, at the time of the making of the contract was on the wall of the tempering room, and to complete the entire work and leave it in complete running order for a consideration of $487, which was to have been paid by the defendant when the work had been done to the satisfaction and approval of its architect, subject to its approbation after thirty days' trial.

The defendant requested the court to find that the plaintiffs had not performed their contract in that they omitted to furnish the necessary shafting and pulleys to communicate sufficient power to the shafting in defendant's tempering room, by reason whereof the apparatus had not effected the removal of smoke from the room, and that the probationary period of thirty days provided for in the contract had not at the time of the commencement of the action actually begun. This request the court refused and instead found that the defendant neglected to furnish sufficient power to drive the propellers; that the work of construction had been done to the satisfaction of the mechanical engineer whose certificate of approval was provided for in the contract; and that he had so certified, but was prevented from giving his certificate of approval as to the effectiveness of the propellers in removing smoke by reason of the defendant's failure to supply the necessary power to run the propellers.

As this action was tried in February, 1894, the Code as it then existed governs the practice, and the appellant is right in insisting that a refusal to make any findings whatever upon a question of fact material to the issue, where a request to find was seasonably made, was a ruling upon a question of law and an exception taken thereto presents a question reviewable by this court. (*Kennedy* v. *Porter,* 109 N. Y. 526.) Complaint cannot be made of the refusal of the court to make the finding in its entirety, because it appears in other findings that

the apparatus had not effected the removal of the smoke, the requisite power to enable the propellers to do the work for which they were intended not having been supplied, and the latter part of the request the defendant was not entitled to. As the finding requested is broader than the defendant was entitled to, and for other reasons, the court was right in declining to find it, even though it contained some facts which the defendant would have been entitled to have found had they stood alone. If, however, we treat it merely as a request to find as an independent fact that the plaintiffs failed to furnish, as was their duty, the necessary shafting and pulleys to communicate sufficient power to the shafting in defendant's tempering room, the record does not permit us to say that it was error to refuse to find it.

At the outset of the negotiations, Mr. Wolff, who had been the defendant's mechanical engineer, requested the plaintiffs' representative to meet him at the defendant's factory to consider appliances for removing smoke from its tempering room. The power in the factory had all been put in under the direction of Wolff, who, after consultation with an officer of the defendant company and the plaintiffs' representative, decided to take the power from a certain line of shafting, the only line of shafting in the tempering room; the plaintiffs made the necessary connection with the shafting at the point indicated, and so completed their work in point of construction as to meet the approval of Wolff; but when the fans were started the defendant's shafting broke down, and a controversy at once arose between the parties as to whether the plaintiffs were obliged to furnish additional, or, if necessary, entirely new shafting to run the propellers, or whether they had performed their work when they made connection with the shafting in the defendant's tempering room at the point where it had been decided to make it when the negotiations were entered into which resulted in the contract. After an examination of the evidence on that subject we have reached the conclusion that the trial court was warranted in finding that the plaintiffs had performed their part of the contract when

they properly made connections with the shafting at the point agreed upon.

Now, it is true, as the appellant insists, that the propellers have not removed the smoke from the tempering room as the plaintiffs contracted they should, nor has the defendant, after thirty days' trial, approved of them, for there has not been a thirty days' trial, the propellers not having been run at all. But the plaintiffs obtained the certificate of the engineer that the apparatus had been properly constructed, and in view of the finding of the court that operation was prevented only by the failure of the defendant to furnish power as it had contracted to, they did all that they could do until after performance of the obligation of the defendant to furnish the needed power. The situation, therefore, is within that principle of law applicable to the construction of contracts, that when the obligation to perform some act by one party is dependent upon some prior action by the other party to the contract, the refusal of the latter to perform dispenses with the obligation of the former. Applying that principle, our conclusion is that the court below was right in holding that the plaintiffs, having constructed the appliances to the satisfaction of the engineer, the defendant could not refuse payment of the contract price on the ground that the propellers had not removed the smoke from the tempering room for the period of thirty days or to its satisfaction, such ground being supplied through its own failure to furnish the necessary power as agreed.

The judgment should be affirmed, with costs.

GRAY, O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.