(49 App. Div. 170.)

ROBINSON v. VAUGHAN.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

CONTRACTS—FRAUDULENT REPRESENTATIONS—TRIAL—FAILURE OF PROOF—DI-
RECTION OF VERDICT.
    Where defendant set up no defense in his answer, save that he was
    induced to make the contract sued on by the fraudulent representations
    of plaintiff, and on the trial made no effort to show that plaintiff made
    the representations with intent to deceive, or that he relied on them, a ver-
    dict was properly directed for plaintiff.

Appeal from trial term, New York county.
Action by Henry P. Robinson against William W. Vaughan. From
a judgment for plaintiff, defendant appeals. Affirmed.
Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
McLAUGHLIN, and INGRAHAM, JJ.

H. B. Closson, for appellant.
Alexander Thain, for respondent.

RUMSEY, J. By the contract in suit the defendant agreed to pay
to the plaintiff certain sums of money, and in addition assumed all
the debts and obligations of the firm, then but recently dissolved, of
which the plaintiff had been a member, and, moreover, agreed to

save and keep harmless the plaintiff therefrom. This he did not do, and the plaintiff was compelled to pay, and did pay, a debt of $650.50 owed by the said firm to Lynch Bros., and he brings this action to recover the amount which he was thus compelled to pay. The defense relied upon was that the defendant was induced to, and did, enter into the contract to assume the debts of the firm by the representations made to him by the plaintiff that the firm was not indebted to Lynch Bros.; that he relied upon that representation, and believed it to be true, but that it was false and fraudulent, and known by the plaintiff to be so; and that it was made to him with the intent to deceive, and to induce him to enter into the contract. As he put his defense upon the ground that he was induced to enter into this contract by the fraudulent representations of the plaintiff, he was bound to establish that the plaintiff made the representations with intent to deceive, and that he relied upon their truth, and was thereby induced to make the agreement. Lefler v. Field, 52 N. Y. 621; Taylor v. Guest, 58 N. Y. 262. This he did not even attempt to do, and therefore his entire defense failed, and the verdict was properly ordered against him.

The judgment should therefore be affirmed, with costs. All concur.