ALONZO E. SMITH, Respondent, *v.* CHARLES W. WETMORE, Individually and as Trustee for himself and his Associates, OLIVER L. JONES et al., Appellants, Impleaded with Another.

1. PLEADING — AMENDMENT ON APPEAL. A complaint in an action to foreclose a mechanic's lien, which contains no allegation of facts excusing the production of an engineer's certificate required by the contract, may be amended on appeal to cure such defect, where proof was admitted at the trial without objection showing notice to the contractor that the owner himself would assume charge of the work and elected to complete it, which dispenses with the production of such a certificate.

2. CONTRACT — RESCISSION — CONDITION AS TO CERTIFICATE. Refusal to permit a contractor to go on with his work, virtually repudiating the contract, gives the contractor an immediate cause of action and relieves him from the obligation to produce the certificate of an engineer required by the contract as a condition of payment.

*Smith* v. *Wetmore,* 41 App. Div. 290, affirmed.

(Argued May 13, 1901; decided May 24, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 11, 1899, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles F. Brown, J. Langdon Ward* and *George W. Weiffenbach* for appellants. The complaint having alleged substantial performance and having failed to allege reasons for failure to obtain the engineer's certificate as required by the contract; and the defendants having duly objected to the, admission of all evidence offered tending to show excuses for non-performance or non-production of the engineer's certificate, as irrelevant under the pleadings, and having duly excepted to the rulings of the trial court, admitting such evidence, and having duly moved to dismiss the complaint, and no amendment of the complaint having been asked or obtained at the trial, the judgment is *non secundum allegata et probata*, and should have been reversed. (*Bossert* v. *Poerschke*, 51 App. Div. 381; *MacK. F. S. Co.* v. *Mayor*, etc., 21 App. Div. 474; *Beecher* v. *Schuback*, 1 App. Div. 363; *Elting* v. *Dayton*, 17 N. Y. Supp. 849; 144 N. Y. 644; *Schnaier* v. *Nathan*, 31 App. Div. 225; *Fox* v. *Davidson*, 36 App. Div. 159; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420; *Reed* v. *McConnell*, 133 N. Y. 425; *Tooker* v. *Arnoux*, 76 N. Y. 397; *Neudecker* v. *Kohlberg*, 81 N. Y. 301.) It was error for the Appellate Division to order an amendment of the complaint. (*Tooker* v. *Arnoux*, 76 N. Y. 397; *Neudecker* v. *Kohlberg*, 81 N. Y. 297; Code Civ. Pro. § 533.)

*Henry A. Monfort* for respondent. The provisions of the contract relating to the engineer's certificate were rendered inapplicable by the notice given by the defendant Wetmore, that he would proceed to complete the contract himself, and by his assuming to do so. (*Beardsley* v. *Cook*, 143 N. Y. 148; *Ringle* v. *W. I. Works*, 149 N. Y. 439; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Hall* v. *Long*, 34 Misc. Rep. 1; *McManus* v.

*Western Assur. Co.*, 22 Misc. Rep. 269 ; *Langdon* v. *Burrill*, 21 Vt. 466 ; *Doll* v. *Noble*, 116 N. Y. 230.) If an amendment of the complaint were essential to the judgment it was entirely competent for the court below, upon appeal, to amend the pleading, as it did, to conform to the proof. (Code Civ. Pro. § 723 ; *Harris* v. *Tumbridge*, 83 N. Y. 92 ; *Reeder* v. *Sayre*, 70 N. Y. 190 ; *Southwick* v. *F. Nat. Bank*, 84 N. Y. 420 ; *Gillies* v. *Manh. B. Imp. Co.*, 147 N. Y. 420 ; *Rogers* v. *N. Y. & T. L. Co.*, 134 N. Y. 197.)

O'BRIEN, J. This was an action by a contractor to foreclose a mechanic's lien, for the balance of the contract price alleged to be due. The only issue of fact presented by the pleadings was the performance of the contract by the plaintiff. Considerable proof was given upon the subject, but the learned trial court found that the plaintiff had performed the contract and that there was a balance due to him of something over six thousand dollars. The Appellate Division affirmed the judgment and the decision of that court was unanimous. Therefore, all the disputed facts are to be taken by this court as settled beyond all further controversy and we must assume that the facts so found are supported by evidence. The appeal can be sustained, if at all, only upon the exceptions taken at the trial and presented by the record. This was an equity action tried before the court and the judgment should not be disturbed upon any ruling relating to the admission or exclusion of evidence, unless it appears that the error was of such a substantial character as to affect the result, or prejudice the rights of the defeated party. The record presents only one exception that calls for any discussion, and indeed it is the only one that has been discussed by the learned counsel for the appellants.

It appears that the contract for the performance of the work contained a provision that when the work was completed in accordance with the contract and specifications of the engineer and he should make a final estimate of the quality, quantity and value of the work, according to the terms

of the contract, then the full amount appearing to be due to the contractor should be paid to him at such time and place as he might designate upon presenting the certificate of the engineer of the amount due. The contractor did not procure this certificate, but gave proof at the trial sufficient to satisfy the court that he had performed the contract. It was held in the case of *Weeks* v. *O'Brien* (141 N. Y. 199) that where a contract contains a provision of this character it is essential to allege in the complaint performance of that condition, or set forth facts excusing the party who has failed to procure it. It was held that the certificate was a condition precedent to the right to maintain the action, and while the failure of the party to procure it might be excused, yet it was necessary to plead the facts upon which the excuse was founded. In this case the complaint contained no allegation that the certificate had been procured, nor any statement of facts excusing the defendant from the necessity of producing it at the trial. But the learned court below, in affirming the judgment, also directed an amendment of the complaint in this respect. The point is now raised by the learned counsel for the defendant that the court below had no power to amend the pleading so as to cover this defect in a case where the proof had been admitted at the trial against the objection and exception of the defeated party. We will assume, for the purposes of this appeal, that the learned counsel is correct in that proposition. If, however, there was proof given at the trial without objection to warrant a recovery without the certificate, it was competent for the learned court below, upon appeal, to amend the complaint by conforming it to the facts proved. It has also been held by this court that a stipulation in the contract requiring the certificate of the engineer or architect, as a condition precedent to the right to maintain an action for the contract price, has no application where a notice has been given to the contractor that the owner himself would resume charge of the work and complete the contract. (*Weeks* v. *O'Brien*, *supra*; *Beardsley* v. *Cook*, 143 N. Y. 143; *Ringle* v. *Wallis Iron Works*, 149 N. Y. 439.)

It appears in this case that the defendant gave written notice to the contractor that he would himself proceed to construct and complete the work at the contractor's expense, and would deduct the cost of such completion from the amount which would become payable to the contractor had he fulfilled his obligation under the contract. This notice was given to the contractor on the ground that he had failed and refused to perform the contract. The notice also, in substance, required the contractor to discontinue the work and turn it over to the parties selected by the defendant to finish it. These written notices clearly established the fact that the contractor was prevented by the defendant from completing the work, if anything then remained to be done, and that the defendant elected to finish and complete the work himself according to his own ideas of what the contract required at the expense of the contractor. If these letters were properly in the record, the learned court below on appeal committed no error in so amending the complaint as to conform to the proof. On an issue of performance it was competent for the contractor to prove, if he could, that the owner himself took the work out of his hands and assumed to complete it. In such a case when the contractor sues to recover the balance due to him upon the contract, he is not required to produce the certificate. (*Wright* v. *Reusens*, 133 N. Y. 298.) The object of that provision of the contract was to furnish to the owner, when called upon to pay the contract price of the work, authentic evidence that the work had been performed. If the owner himself proceeds under the contract to complete the work he needs no certificate to apprise him whether the contractor has performed on his part. The written notice in the form of letters by the defendant to the plaintiff that the former elected to complete the work himself were produced at the trial and offered in evidence by the plaintiff's counsel. The only objection interposed was that one of the letters was irrelevant and immaterial. There was no objection that they were inadmissible under the pleading and, hence, we think that the learned trial court committed no error in receiving this evidence.

There was some oral proof given in the case tending to show what was done, if anything, by the defendant to prevent the contractor from continuing the work. This testimony was in one or two instances objected to upon the ground that it was not covered by the pleadings. But the testimony was of no importance if the plaintiff had made a case that rendered the certificate of the engineer entirely inapplicable and useless, and we think such a case was made by the proof, without objection, that the defendant had himself resumed charge of the work and elected to complete it.

Moreover, when performance of a contract is alleged by the plaintiff and denied by the defendant, it is competent for the plaintiff to prove that the defendant would not allow him to perform, or repudiated the contract, or had committed a breach of it himself, by hindering performance or refusing to abide by its obligations. (*Burtis* v. *Thompson*, 42 N. Y. 246; *Bunge* v. *Koop*, 48 N. Y. 225; *Howard* v. *Daly*, 61 N. Y. 362; *Langdon* v. *Burrill*, 21 Vt. 466; Bishop on Cont. § 1428.) Assuming that there was no proper proof in the case to excuse the production of the certificate, there was proof tending to show that the defendant refused to allow the plaintiff to go on, and that he virtually repudiated the contract as binding upon him. He treated the contract as broken and refused to abide by it any longer. This gave the plaintiff an immediate cause of action, even though something still remained to be done, and relieved him from any obligation to produce the certificate. In this view of the case perhaps no amendment of the complaint was necessary, but since the learned court below ordered the amendment out of abundant caution, the defendant cannot complain.

We are, therefore, of opinion that the record does not disclose any error of law which would warrant this court in disturbing the judgment, and so it must be affirmed, with costs.

PARKER, Ch. J., GRAY, MARTIN, LANDON and WERNER, JJ., concur; CULLEN, J., not sitting.

Judgment affirmed.