(74 App. Div. 20.)

### WALSH v. HYATT et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

**1. CONTRACT—PERFORMANCE—PLEADING—RECOVERY.**

Plaintiff contracted to furnish and operate his dredge to unload refuse from scows for defendants, and they contracted to charter the dredge for 30 days at a stated price per day. Plaintiff furnished the dredge, and crew to operate it, and held them at defendants' disposal for 30 days. The dredge utterly failed to do the work, but the jury found that this was because the dredge was so placed by defendants that there was not a sufficient depth of water for its successful operation. *Held*, that plaintiff was entitled to recover the contract price, though he alleged full performance in his complaint; it being apparent that the essence of the contract was the charter by defendants of the dredge and crew.

**2. SAME—RESCISSION—FALSE REPRESENTATIONS—PLEADING.**

In an action for the contract price for a dredge hired by plaintiff to defendants, the answer set up false representations as to its power and capacity for doing the work, and that, on discovering that the representations were untrue, defendants rescinded the contract, but did not allege fraud, or that the representations were known by plaintiff to be untrue. *Held*, that evidence to prove such representations was properly rejected, the answer not showing any ground for rescission.

**3. SAME—RESCISSION—EVIDENCE.**

Mere evidence that defendants claimed that plaintiff had broken his contract to furnish a dredge for certain work, and that they had ordered the dredge removed, did not show a rescission of the contract.

Appeal from trial term.

Action by Edward S. Walsh against George W. Hyatt and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Herbert R. Limburger (W. Harry Sefton, on the brief), for appellants.

James M. Hunt, for respondent.

HIRSCHBERG, J.   On September 22, 1900, the plaintiff entered into a written contract with the defendants, of which the following is a copy:

"T. D. Scanlon.　　　　　　　　　　　　　　　　　　　P. H. Wise.

"Scanlon & Wise.

"Tugs, Canal Boats, etc., for Sale or Charter.   General Lighterage and Transportation, Harbor, River, and Sound.   Scows, Covered and Derrick Barges.   Vessels of Every Description.

"Office, 14 South St., Cor. Broad St.   Telephone 2645 Broad.

"This agreement, entered into between Edward S. Walsh, party of the first part, and George W. Hyatt, Horace J. Subers, of the second part, is as follows:  The party of the first part hereby agrees to furnish and operate for the parties of the second part his dredge No. 6 to unload refuse from scows in the Newark Bay.  For doing the above work the party of the second part agrees to pay to the party of the first part the sum of fifty-five ($55.00) dollars per day, not including Sundays, as no work will be done on that day.  Payment to be made on or before the 5th of each month for the number of days the dredge has been on the work for the previous month. It is further understood and agreed that the party of the second part will charter and dredge for thirty (30) days from the date of charter, and will give ten (10) days' notice previous to the expiration of the present charter whether the dredge is to continue on the work for the succeeding month or not.　　　　　　　　　　　　　　　　　　Edward S. Walsh.

"George W. Hyatt.
"Horace J. Subers."

Immediately after the execution of the contract the dredge was taken to Elizabethport under the defendants' directions, and a few days after was towed by the defendants into Newark Bay, where it remained at their disposal, with its captain and crew, during the 30 days specified in the contract.  It utterly failed to do the work of unloading the scows, but the jury has found, upon conflicting evidence, that this was not at all the fault of the plaintiff, but was entirely owing to the fact that the dredge was berthed by the defendants in every instance at places where there was not sufficient depth of water for its successful operation.  The action is to recover the contract price, the complaint alleging full performance by the plaintiff; and the defendants contend that it comes within the rule that under such circumstances proof of matters excusing or waiving performance is not admissible, and a recovery may not be had upon that theory. There would be force in the contention if the contract were one for the performance of any certain specific amount of work, but it is apparent that the essence of the contract is the charter by the defendants of the dredge and its crew for 30 days,—the same to be operated for that period, it is true, by the plaintiff for the defendants' benefit; but, if the plaintiff furnished the dredge and crew for the required time, liability to pay the contract price would follow, although the defendants had no work to do, or the conditions created by them were such as to render work impossible.  In Tebo v. Jordan, 147 N. Y. 387, 42 N. E. 191, the defendants chartered a tug to tow coal barges; and while the tug was engaged in the work the barges were stranded, as the defendants claimed, on account of the incompetency of the plaintiff's pilot.  The jury found that the accident resulted from perils of the sea, for which, under the contract, the plaintiff

was not liable; and the court of appeals held that he could recover the contract price until the time when the contract could be terminated by its terms. The point that the plaintiff had failed to prove performance was raised, and apparently overruled. Moreover, the provision in the contract in the case at bar by which the plaintiff agreed to operate the dredge in unloading scows certainly depended upon the furnishing of such scows by the defendants at a place where they might be unloaded, and the principle which controlled the decision in Howard v. Manufacturing Co., 162 N. Y. 347, 56 N. E. 986, is applicable. There the agreement was to furnish air propellers for removing smoke by the use of power to be furnished by the other party, and the failure to furnish the power was held to excuse the contractor from making a test required under the terms of the contract. "When performance of a contract," said the court in Smith v. Wetmore, 167 N. Y. 234, 239, 60 N. E. 419, 420, "is alleged by the plaintiff and denied by the defendant, it is competent for the plaintiff to prove that the defendant would not allow him to perform, or repudiated, the contract, or had committed a breach of it himself, by hindering performance or refusing to abide by its obligations." If the contract in question, as has been said, was one solely for the performance of specified work, and such performance was prevented by the defendants, it may very well be that the only remedy would be found in an action for damages for breach of contract; but the contract including, as it does, a charter of the dredge, the plaintiff, if not at fault, was not compellable to accept a discharge of the vessel under the circumstances disclosed by the record, and as the jury must have found them, but could recover the contract price on the theory of performance.

The defendants pleaded that the contract was executed by them in reliance upon false representations made by the plaintiff's agent as to the power and capacity of the dredge for doing the work, and that, upon discovering the fact that such representations were untrue, they rescinded the contract. The learned trial justice rejected the evidence offered for the purpose of proving such representations, and the ruling appears to be correct. There was no allegation of fraud, or that the representations were known to the plaintiff or his agent to be untrue, or that they were made with intent to deceive or for any fraudulent purpose. On the face of the pleadings, they constituted no sufficient ground for rescission. Lefler v. Field, 52 N. Y. 621; Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651; Robinson v. Vaughan, 49 App. Div. 170, 63 N. Y. Supp. 197. There was no proof that the defendants did rescind the contract. There was evidence to the effect that they claimed that the plaintiff had broken the contract, and that they, in consequence thereof, ordered that the dredge be removed from the work, but no notice of rescission appears in any form. Nor did the defendants claim upon the submission of the case that such issue should be presented to the jury for determination.

The other exceptions argued have been examined, and no error found. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.