PAGE v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO.

(Supreme Court, Appellate Division, Third Department.   November 12, 1902.)

1. PERSONAL INJURIES—PLEADING—EVIDENCE.
   Allegation in the complaint that plaintiff received a concussion of the spine does not allow proof of injury to his sexual organs, it not being a necessary and immediate result from the injury pleaded.

2. PLEADINGS—AMENDMENT ON APPEAL.
   Though on the first trial evidence as to injuries not pleaded was admitted without objection, yet on appeal from the judgment on the second trial the complaint will not be amended or the variance disregarded, where on the second trial the defect was specifically pointed out by objection to the evidence, and the trial court was not asked to make the amendment.

Appeal from trial term, Broome county.

Action by George L. Page against the President, Managers & Company of the Delaware & Hudson Canal Company.   From a judgment for plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals.   Reversed.

For opinion on former appeal, see 54 N. Y. Supp. 442.

This action is brought for negligence. On or about 11th October, 1895, the plaintiff, who was not an employé of the defendant, was loading a car of bark upon one of the defendant's switches. While thus engaged, the defendant's employés ran one of its engines with great force against the car, causing the injuries which it is claimed the plaintiff suffered. Plaintiff's allegations as to his injuries are as follows: "The plaintiff received a direct omental hernia of the left side, together with a developing femoral hernia aneurism, and the plaintiff also received possibly a slight concussion of the spine, and sprain and injuries to the muscles and ligaments of the back, by which the plaintiff has at all times since said injuries been entirely incapacitated from doing work, and will probably through his future life be incapacitated from doing any work, and suffered from said injury, and will continue to suffer from said injury, great pain, and will suffer from said injury probably throughout his life, and, as plaintiff is informed and believes, he is liable at any time to lose his life as the direct result of said injuries, and particularly the development of said ruptures and aneurisms, received through the defendant's negligence as hereinbefore described; and that the plaintiff has also been put to considerable expense for medical attendance on account of said injuries, and will be in the future put to considerable expense on account thereof, by all of which the plaintiff has suffered damage in the sum of twenty-five thousand dollars ($25,000), for which he demands judgment, with the costs of this action." The answer contains practically a general denial. Early in the trial of the case the plaintiff offered to prove that his sexual organs had been affected as a consequence of the injury, and the following proceedings were had: "Q. I will call your attention to another thing. How have your sexual organs been affected? (Objected to as incompetent and improper, and not embraced within the claims of the complaint. He has enumerated the injuries he did receive in the complaint, and he is confined to that, and cannot now introduce new elements of which there is no claim whatever made in the complaint.) Plaintiff's Counsel: The defendants cannot be surprised, for this testimony was given upon the other trial without objection. And the complaint alleges a concussion of the spine, and from that concussion of the spine we shall show by medical evidence that this has resulted; this impairment and degeneration of the nervous section of the back, and the nervous system of the plaintiff, and proceed directly from that to affect the nerves which control and support the sexual organs; that the injury to these nerves has resulted in this impairment and injury to the sexual organs, a direct consequence

and connected with the injury to the spine. The Court: Objection overruled. (Exception taken by defendant's counsel.) The Court: This evidence is received conditionally. Unless you show this was the result of the injury alleged in the complaint I shall strike it out. Plaintiff's Counsel: Certainly. Q. Now, answer the question, how have your sexual organs been affected? Have you been able to cohabit with your wife since this injury? A. No, sir. (Objected to as before. Objection overruled. Exception taken.) Defendant's Counsel: All this testimony may be taken under my objection and exception. The Court: Yes. Plaintiff's Counsel: This line of evidence may be considered under your objection and exception." Plaintiff recovered judgment in the case, and a motion for a new trial was denied. From the judgment and order denying the motion for a new trial, this appeal was taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Lewis E. Carr, for appellant.
Wales & Wilber (A. D. Wales, of counsel), for respondent.

SMITH, J. This appellant charges error in the court below in admitting evidence of the fact of the injury to the plaintiff's sexual organs, over its objection that such injury was not specified in the pleading. In the case of Kleiner v. Railroad Co., 162 N. Y. 193, 56 N. E. 497, the rule is thus stated:

"The averment in the complaint in an action for personal injuries that plaintiff sustained a severe nervous shock is insufficient to justify her in proving that the result of that shock was to produce heart disease, vertigo, curvature of the spine, and other diseases, it not appearing that such consequences necessarily and immediately resulted from the shock, as the rule is that such damages must be specially alleged, and the reception of evidence of such resultant injuries properly excepted to is reversible error."

At page 200, 162 N. Y., page 498, 56 N. E., Justice Martin, writing for the court, says:

"We think the rule applicable to this question is clearly stated in Gumb v. Railway Co., 114 N. Y. 411, 21 N. E. 993, where it is stated: 'Where a plaintiff alleges that his person has been injured, and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury under a general allegation that damages were sustained; but, if he seeks to recover damages for consequences which do not necessarily and immediately flow from the injury, he must allege the special damages which he seeks to recover.'"

Within this rule of law, it seems clear that an injury to the plaintiff's sexual organs was not one of the injuries specified in the complaint as caused by the accident, nor was it one of those injuries which necessarily and immediately flow from any injury alleged. The learned trial judge admitted the evidence upon condition that it should thereafter be made to appear that such affection resulted from the injuries sustained; but this holding did not satisfy the rule of law that, unless such affection be a consequence which necessarily and immediately results from the injury pleaded, it requires special allegation in the pleading to authorize proof thereof. The respondent seeks to justify this ruling within the case of Ehrgott v. Mayor, etc., 96 N. Y. 264, 277, 48 Am. Rep. 622; but a discussion of that case in the Kleiner Case, supra, and a reference to the complaint in this action, show that the cases are clearly distinguishable.

In further answer to this objection, respondent relies upon the

power of this court either to disregard the variance or to amend his pleading nunc pro tunc. This is the second trial of this case. Upon the former trial it appears that this question was litigated without objection on the part of the defendant that the injuries sought to be proven were not pleaded. The respondent's claim, therefore, is that the appellant was not surprised upon this trial, and this court may now exercise its power to amend the pleading so as to conform to the proof. The appellant, however, denies the right of this court to amend the pleading to conform to the proof when the proof was admitted over his objection that the same was inadmissible within the pleadings. In this denial we think it is sustained by the authorities. In Gill v. Insurance Co., 82 Hun, 363, 31 N. Y. Supp. 485, it was held by the general term of the Third department that the appellate court would not amend the complaint upon appeal nor disregard the variance where, upon the trial of the action, the defect in the pleading was specifically pointed out, and the trial court was not requested to make the necessary amendment. In Bossert v. Poerschke, 51 App. Div. 381, 64 N. Y. Supp. 733, the rule as held by the appellate division in the First department is thus stated:

"Where proof of the waiver of a certificate is improperly admitted over the objection and exception of the ·defendant, the appellate division will not, in order to sustain a judgment for the plaintiff, consider the complaint amended· to conform to the facts proved, as that power will be exercised only when such proof has been admitted without objection and without the attention of the party offering it being called to the defect in his pleading."

See, also, Neudecker v. Kohlberg, 81 N. Y. 296; Tooker v. Arnoux, 76 N. Y. 397; Pope v. Manufacturing Co., 107 N. Y. 66, 13 N. E. 592; Smith v. Wetmore, 167 N. Y. 237, 60 N. E. 419. The question whether defendants were surprised upon this second trial is not a relevant one in this court. If, after this objection had been made at the trial, the plaintiff had then asked leave to amend, the trial court would have been called upon to determine whether the defendant could fairly claim to have been surprised by the evidence, within the legal meaning of that term, and could have allowed the amendment upon such terms as would prevent injustice. Until such amendment was requested, however, the defendant was not called upon to make proof of the fact that he was surprised by such evidence. We apprehend that a party has the right to prepare for the trial of the issues presented by the pleadings, and, if unprepared for the trial of other issues, he can claim that he is "surprised," within the meaning of that term as used in the statute, whatever informal notice he may have had of the intention of his adversary to litigate such other issue. The only notice which he is generally bound to regard is the formal notice given him by his adversary's pleading. We conclude, therefore, that this testimony was erroneously admitted, and for that reason a new trial must be had.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.