PAGE v. PRESIDENT, etc., of DELAWARE & H. CANAL CO.

(Supreme Court, Appellate Division, Third Department. March 17, 1903.)

1. PLEADING—AMENDMENT—COSTS.

In an action for injuries, evidence was received as to certain special injuries not embraced in the complaint, and, after an unsuccessful objection thereto, evidence of other special injuries not embraced in the complaint was also received, to which defendant did not object, and there was a reversal because of the admission of the evidence objected to. *Held,* that the fact that defendant did not object to the latter evidence did not show his intention to waive its inadmissibility, and hence, on an amendment of the complaint so as to permit such evidence to be shown on a second trial, plaintiff should be required to stipulate that the costs of the appeal should be deducted from any recovery had by him.

Parker, P. J., dissenting.

Appeal from Special Term, Broome County.

Action by George L. Page against the president, managers and company of the Delaware & Hudson Canal Company. From an order denying plaintiff's motion to amend his complaint, he appeals. Reversed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Lewis E. Carr, for appellant.
Wales & Wilber (A. D. Wales, of counsel), for respondent.

SMITH, J. The action is for negligence. Upon the first trial, 54 N. Y. Supp. 442, judgment was recovered for the plaintiff, which was reversed upon the ground of some error in the charge of the court. It was tried again, with a similar result, at the Trial Term, and the judgment was again reversed, because of the improper admission of evidence as to damages not pleaded, 78 N. Y. Supp. 454. The complaint, after alleging the defendant's negligence, alleges, among other injuries, "possibly a slight concussion of the spine, and sprain and injury to the muscles and ligaments of the back." Upon the trial, the court allowed the plaintiff to prove different spinal injuries, and also, over the defendant's objection, an injury to the plaintiff's sexual organs. An exception to this ruling caused the reversal of the last judgment. The plaintiff now has asked to amend his complaint as to the extent of his injury so as to include the following allegations:

"He received a severe blow on the back in the lower lumbar regions, injuring the spine and the spinal column, the spinal cord, and the nerves of the spine; and stiffness of the back, with pain and lameness, ensued, due to concussion of the spine and brain and entire nervous system."

It will be noticed that in this proposed amended complaint there is no allegation of injury to the sexual organs. Plaintiff's attorney asserts that these allegations were purposely omitted, and that there was no intention of making proof thereof. He admits that if he had asked to amend by including these allegations he would be required, in order to secure the amendment, to pay the costs of the

appeal. The allegations included in the proposed amended complaint, he claims, are allegations of matters which were admitted in proof upon both trials heretofore without objection upon the part of the defendant. For this reason he claims the right to have the complaint so amended without paying the costs of the former appeal. The defendant insists, that under these allegations, proof can be admitted of the injury to the sexual organs, and that such proof must inevitably come out upon the trial, and that, therefore, this complaint should not be thus amended without imposing as a condition the payment of the costs of the appeal.

I am very doubtful whether the plaintiff, under the allegations of the proposed amended complaint, would have the right to show any injury to the sexual organs. Upon the former trial, however, the defendant was not bound to object to evidence of special injury, after having his exception to the ruling of the court admitting evidence as to the injury to the sexual organs; and the mere fact that he did not so object is not proof of his intention to waive the inadmissibility of the evidence under the former complaint. It simply shows the acceptance by him of the ruling of the court, and the forbearance to make unnecessary objections, which, under the ruling of the court, must necessarily be overruled. I am satisfied, therefore, that this amendment should not be allowed except upon payment of costs of the appeal. In the affidavit opposing this motion, the defendant does not ask the actual payment of those costs as a condition of this amendment. The defendant only asks that plaintiff be charged, as a condition of the amendment, with such costs to be offset against any recovery that shall be had herein. The Special Term denied the plaintiff any relief. This I think was wrong, and the plaintiff should be allowed to amend his complaint upon filing a stipulation that from the final recovery herein, if one should be had, defendants may deduct their costs of the last appeal. The order should therefore be reversed, and plaintiff's motion granted upon the terms indicated. No costs to either party. All concur, except PARKER, P. J., who dissents.