### BECK v. NEW YORK BUILDING LOAN BANKING CO.

(Supreme Court, Appellate Term.   November 30, 1903.)

**1. BUILDING CONTRACTS—ARCHITECT'S CERTIFICATE—FAILURE OF PROOF.**
  Where a contractor sued for work, labor, and services performed under a contract requiring the certificate of a supervising architect, but plaintiff failed to prove the execution of such a certificate, or its refusal, he was not entitled to recover.

**2. SAME—NOTICE TO COMPLETE—PLEADING—PROOF.**
  Where plaintiff in an action for work, labor, and materials under a building contract failed to allege a notice of election by the defendant to complete the building, evidence of such notice introduced as proof of extra services was inadmissible to excuse failure to produce the architect's certificate required by the contract.

¶ 1. See Contracts, vol. 11, Cent. Dig. § 1308.

Appeal from City Court of New York, General Term.

Action by Louis Beck against New York Building Loan Banking Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

A. Caruthers, for appellant.

Hamilton & Beckett, for respondent.

MacLEAN, J. The plaintiff claimed for work, labor, and materials under contracts with the defendant, alleged and testified to performance, but failed to allege or prove a certificate, or its refusal, by the supervising architect, as a prerequisite to recovery. His complaint was therefore dismissed, and properly, for the evidence does not disclose notice of election by the defendant to complete, excusing the absence of certificate, but, at best, an attempt by the plaintiff to introduce such notice, apparently in substantiation of proof of extra services, also unpleaded. The objection to its reception was properly sustained as not within the plaintiff's cause, and, although pleaded by the defendant in its counterclaim, it was denied by the reply, and so, as notice, not part of the plaintiff's case or proof. Had the defendant introduced such evidence as part of its case, then it might well be urged in extenuation of the failure by the plaintiff to produce the certificate, as no longer required, and as proof of the fact that the plaintiff had been hindered in the completion of the work. That was not this case, and so not governed by the decision in Smith v. Wetmore, 167 N. Y. 234, 60 N. E. 419. The judgment of the court below should therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur.