GEORGE L. PAGE, Respondent, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

*Negligence — proof of an injury not specified or necessarily resulting from that alleged in the complaint — when objected to the error cannot be disregarded by the Appellate Division — when a party may claim to be surprised on the trial.*

Under a complaint in an action for personal injuries, which alleged that "the plaintiff received a direct omental hernia of the left side, together with a developing femoral hernia aneurism, and the plaintiff also received possibly a slight concussion of the spine, and sprain and injuries to the muscles and liga- ments of the back," the plaintiff is not entitled to show that, as a result of the accident, he had sustained an injury to his sexual organs, as such an injury is not one of those specified in the complaint as caused by the accident, nor is it an injury which necessarily and immediately flowed from any injury alleged. In such a case the trial judge has no power to receive such evidence upon the

condition that it should thereafter be made to appear that such affection. resulted from the injuries alleged in the complaint.

Where such evidence is admitted by the trial court, over the defendant's objection, the Appellate Division has no power, in order to sustain a judgment entered upon a verdict in favor of the plaintiff, to disregard the variance of proof or to deem the complaint amended to conform to the proof, even though it appears that on a former trial of the case the evidence in question was admitted without objection.

*Semble,* that a party has the right to prepare for the trial of the issues presented by the pleadings and, if unprepared for the trial of other issues, can claim that he is surprised by the introduction of such other issues, whatever informal notice he may have had of the intention of his adversary to litigate such other issues. As a general rule, the only notice which he is bound to regard is the formal notice given him by his adversary's pleadings.

APPEAL by the defendant, The President, Managers and Company of the Delaware and Hudson Canal Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome, on the 25th day of February, 1902, upon the verdict of a jury for $4,500, and also from an order entered in said clerk's office on the 18th day of February, 1902, denying the defendant's motion for a new trial made upon the minutes.

This action is brought for negligence. On or about October 11, 1895, the plaintiff, who was not an employee of the defendant, was loading a car of bark upon one of the defendant's switches. While thus engaged, the defendant's employees ran one of its engines with great force against the car, causing the injuries which it is claimed the plaintiff suffered. Plaintiff's allegations as to his injuries are as follows: "The plaintiff received a direct omental hernia of the left side, together with a developing femoral hernia aneurism, and the plaintiff also received possibly a slight concussion of the spine, and sprain and injuries to the muscles and ligaments of the back, by which the plaintiff has at all times since said injuries been entirely incapacitated from doing work, and will probably through his future life be incapacitated from doing any work, and suffered from said injury, and will continue to suffer from said injury great pain, and will suffer from said injury probably throughout his life, and as plaintiff is informed and believes, he is liable at any time to lose his life as the direct result of said injuries, and particularly the

development of said ruptures and aneurisms, received through the defendant's negligence as hereinbefore described, and that the plaintiff has also been put to considerable expense for medical attendance on account of said injuries and will be in the future put to considerable expense on account thereof, by all of which the plaintiff has suffered damage in the sum of Twenty-five thousand dollars ($25,000), for which he demands judgment, with the costs of this action." The answer contains practically a general denial.

Early in the trial of the case the plaintiff offered to prove that his sexual organs had been affected as a consequence of the injury, and the following proceedings were had : " Q. I will call your attention to another thing ; how have your sexual organs been affected? [Objected to as incompetent and improper and not embraced within the claims of the complaint ; he has enumerated the injuries he did receive in the complaint, and he is confined to that and cannot now introduce new elements of which there is no claim whatever made in the complaint.] Plaintiff's Counsel : The defendant cannot be surprised, for this testimony was given upon the other trial without objection. And the complaint alleges a concussion of the spine, and from that concussion of the spine we shall show by medical evidence that this has resulted : this impairment and degeneration of the nervous section of the back and the nervous system of the plaintiff and proceed directly from that to affect the nerves which control and support the sexual organs ; that the injury to these nerves has resulted in this impairment and injury to the sexual organs, a direct consequence and connected with the injury to the spine. The Court : Objection overruled. [Exception taken by defendant's counsel.] The Court : This evidence is received conditionally ; unless you show this was the result of the injury alleged in the complaint, I shall strike it out. Plaintiff's Counsel : Certainly. Q. Now answer the question, how have your sexual organs been affected ; have you been able to cohabit with your wife since this injury? A. No, sir. [Objected to as before. Objection overruled. Exception taken.] * * * Defendant's Counsel : All this testimony may be taken under my objection and exception. The Court : Yes. Plaintiff's Counsel : This line of evidence may be considered under your objection and exception."

Plaintiff recovered judgment in the case and a motion for a new

trial was denied.   From the judgment and order denying the motion for a new trial this appeal was taken.

*Lewis E. Carr*, for the appellant.

*A. D. Wales*, for the respondent.

SMITH, J.:

This appellant charges error in the court below in admitting evidence of the fact of the injury to the plaintiff's sexual organs over its objection that such injury was not specified in the pleading.   In the case of *Kleiner* v. *Third Ave. R. R. Co.* (162 N. Y. 193) the rule is thus stated : " The averment in a complaint in an action for personal injuries that plaintiff sustained a severe nervous shock is insufficient to justify her in proving that the result of that shock was to produce heart disease, vertigo, curvature of the spine and other diseases, it not appearing that such consequences necessarily and immediately resulted from the shock, as the rule is that special damages must be specially alleged, and the reception of evidence of such resultant injuries properly excepted to, is reversible error."   At page 200, Justice MARTIN, writing for the court, says : " We think the rule applicable to this question is correctly stated in *Gumb* v. *Twenty-third Street Ry. Co.* (114 N. Y. 411), where it was said, ' When a plaintiff alleges that his person has been injured and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury   *   *   *   under a general allegation that damages were sustained ; but if he seeks to recover damages for consequences which do not necessarily and immediately flow from the injury,   *   *   *   he must allege the special damages which he seeks to recover.' "   Within this rule of law it seems clear that an injury to the plaintiff's sexual organs was not one of the injuries specified in the complaint as caused by the accident, nor was it one of those injuries which necessarily and immediately flow from any injury alleged.   The learned trial judge admitted the evidence upon condition that it should thereafter be made to appear that such affection resulted from the injuries sustained ; but this holding did not satisfy the rule of law that unless such affection be a consequence which necessarily and immediately results from the injury

pleaded, it requires special allegation in the pleading to authorize proof thereof. The respondent seeks to justify this ruling within the case of *Ehrgott* v. *Mayor* (96 N. Y. 264, 277); but a discussion of that case in the *Kleiner Case (supra)* and a reference to the complaint in this action shows that the cases are clearly distinguishable.

In further answer to this objection, respondent relies upon the power of this court either to disregard the variance or to amend his pleading *nunc pro tunc.* This is the second trial of this case. Upon the former trial it appears that this question was litigated without objection on the part of the defendant that the injuries sought to be proven were not pleaded. The respondent's claim, therefore, is that the appellant was not surprised upon this trial, and this court may now exercise its power to amend the pleading so as to conform to the proof. The appellant, however, denies the right of this court to amend the pleading to conform to the proof when the proof was admitted over his objection that the same was inadmissible within the pleadings. In this denial we think it is sustained by the authorities. In *Gill* v. *Ætna Live Stock Ins. Co.* (82 Hun, 363) it was held, by the General Term of the third department, that the appellate court would not amend the complaint upon appeal nor disregard the variance where, upon the trial of the action, the defect in the pleading was specifically pointed out and the trial court was not requested to make the necessary amendment. In *Bossert* v. *Poerschke* (51 App. Div. 381) the rule, as held by the Appellate Division in the first department, is thus stated : " Where proof of a waiver of a certificate is improperly admitted over the objection and exception of the defendant, the Appellate Division will not, in order to sustain a judgment for the plaintiff, consider the complaint amended to conform to the facts proved, as that power will be exercised only when such proof has been admitted without objection and without the attention of the party offering it being called to the defect in his pleading." (See, also, *Neudecker* v. *Kohlberg*, 81 N. Y. 296 ; *Tooker* v. *Arnoux*, 76 id. 397 ; *Pope* v. *Terre Haute Car & Mfg. Co.*, 107 id. 66 ; *Smith* v. *Wetmore*, 167 id. 237.) The question whether defendant was surprised upon this second trial is not a relevant one in this court. If, after this objection had been made at the trial, the plaintiff had then asked

leave to amend, the trial court would have been called upon to determine whether the defendant could fairly claim to have been surprised by the evidence within the legal meaning of that term, and could have allowed the amendment upon such terms as would prevent injustice. Until such amendment was requested, however, the defendant was not called upon to make proof of the fact that he was surprised by such evidence. We apprehend that a party has the right to prepare for the trial of the issues presented by the pleadings, and if unprepared for the trial of other issues, he can claim that he is surprised within the meaning of that term as used in the statute, whatever informal notice he may have had of the intention of his adversary to litigate such other issues. The only notice which he is generally bound to regard is the formal notice given him by his adversary's pleading. We conclude, therefore, that this testimony was erroneously admitted, and for that reason a new trial must be had.

·All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.