name was ever upon an eligible list, or any of the civil service rules complied with in his designation, we think that the order was properly denied, and should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.

(89 App. Div. 392.)

### KIPP v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.  December 30, 1903.)

1. TRIAL—INSTRUCTIONS—APPLICABILITY TO PLEADINGS.

    Where a complaint counted solely on defendant's negligence in constructing a railroad bridge, causing an overflow of water injuring plaintiff's buildings and machinery, it was error to charge, in addition to the charge on negligence, that defendant would be liable, no matter how carefully it acted, for obstructing the stream.

2. SAME—HARMLESS ERROR.

    The fact that defendant was not misled by a charge predicating liability on the obstruction of a stream, although not negligently done, when the complaint counted solely on negligence, did not render such error immaterial, there having been no attempt by plaintiff to amend at the trial.

    Hirschberg, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Abram Kipp against the New York Central & Hudson River Railroad Company.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, and HIRSCHBERG, JJ.

Ira A. Place (Robert A. Kutschbock, on the brief), for appellant

Edgar L. Ryder, for respondent.

JENKS, J.  The defendant appeals from judgment upon a verdict awarding damages for injuries to plaintiff's buildings and machinery caused by an overflow of water, due to the faulty construction of a railroad bridge, and from an order denying a motion for a new trial.  The learned judge charged the jury:

"Now, of course, if the defendant did negligently in any manner construct that bridge, and is guilty of negligence, and that that negligence caused this overflow of this property, the defendant would be liable on the ground of negligence; but if you find that, if the defendant was not guilty of any negligence at all, but very carefully interfered with this property right of the plaintiff and obstructed it, the plaintiff would still have a cause of action against the defendant for obstructing the stream."

This was duly excepted to by the defendant.  I think that the instruction as to liability aside from any negligence is reversible error. The action is solely for negligence.  Thus the plaintiff complains "that the said bridge, as now constructed, is insufficient,  *  *  *  and is so unskillfully and negligently planned  *  *  *  as to form an obstruction;  *  *  *  that said defendant, in the building, erection, and repairing of said bridge, carelessly and negligently threw into said stream on the west side of said bridge a number of large stones,

which stones form an obstruction"; and "that by reason of the afore-
said premises, and the backing up of the said water by said bridge
plaintiff has suffered great damage." There is a plain distinction be-
tween an action for wrong and one for negligence. Dickinson v.
Mayor, etc., of City of N. Y., 92 N. Y. 584, 588, citing authorities;
Fisher v. Rankin (Sup.) 7 N. Y. Supp. 837. One cannot declare on
negligence alone and recover on nuisance. Fisher v. Rankin, supra,
and authorities cited; Wittman v. City of New York, 80 App. Div. 585,
592, 80 N. Y. Supp. 1022. The learned counsel for the defendant
not only excepted to the charge as indicated, but was consistent in
his attitude during the course of the trial. There is nothing in the
context to indicate that the learned judge was stating possible rem-
edies by way of illustration of legal rights, or was affording general
information of legal reliefs. For aught that appears, he was charging
the jury as to the law of the case in hand, and, to say the least, any
layman might logically infer from this language that the plaintiff
might recover in that case irrespective of any neglect by the defend-
ant. I cannot find that the error subsequently was corrected or
was cured. It is quite immaterial that the defendant was probably
not misled. Southwick v. First National Bank of Memphis, 84 N. Y.
420, 429. The plaintiff did not seek the cure of amendment at the
trial. Moreover, in Fisher v. Rankin, supra, which also involved the
questions of negligence and of nuisance, the court, per Daniels, J.,
says:

"But an amendment or change of that description cannot be made upon
the trial, or, after the trial, upon the argument of an appeal; for the effect
of that would be to change the action from one cause to another and differ-
ent ground of action. And such a change cannot be, under the authorities,
made to support the judgment from which an appeal has been taken. Davis
v. N. Y., etc., R. R. Co., 110 N. Y. 646, 17 N. E. 733."

See, too, Page v. D. & H. C. Co., 76 App. Div. 160, 78 N. Y. Supp.
454.

The harm of the error to the appellant is more manifest than fre-
quently appears in violations of the fundamental rule of "secundum
allegata et probata"; for, if the defendant constructed this bridge
pursuant to authority, then it might cogently contend that, in the
absence of proof of its lack of due care under the circumstances, it
was protected by the principle of Bellinger v. New York Central
Railroad, 23 N. Y. 42, and the many judgments which have followed
in its wake.

The jugment and order should be reversed, and a new trial granted;
costs to abide the event. All concur, except HIRSCHBERG, J., who
dissents.

HIRSCHBERG, J. I dissent. I think the language of the learned
trial justice could hardly be misconstrued by the jury, viz., that the
defendant would be equally liable for the obstruction, if there be an
obstruction, whether there was negligence in the actual work of
constructing the bridge or whether the bridge was constructed with
care. As the gist of the suit was for the obstruction of the stream
on the ground that the openings in the bridge were not large enough

to allow the free flow, it could make no difference whether the openings were made small with care or otherwise. In either case it would be negligence in a legal sense.