## LONG v. FULTON CONTRACTING CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

DAMAGES (§ 158*)—PERSONAL INJURIES—ADMISSIBILITY OF EVIDENCE.

> In an action for injuries, plaintiff alleged that he was knocked senseless, fracturing his skull, and injuring his left leg and ankle, by reason of which he suffered great pain in his head, left hip, leg, and ankle; that he still suffers great pain in his head and left ankle; that ever since such injury he has been very nervous, being deprived of sleep; that he is still suffering great pain in his head and ankle by reason thereof; and that he believes such injuries are permanent. In his bill of particulars plaintiff stated that his skull was crushed, necessitating the removal of a part of the brain and a part of the skull, leaving a depression in his head, and that he has suffered great pain in his head and loss of sleep and weakness of body, rendering him unable to do manual labor. Held, that evidence was not admissible to show epilepsy, paralysis, and mental impairment, as those conditions did not necessarily and immediately follow injuries specified in the complaint and bill of particulars.

> [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–446; Dec. Dig. § 158.*]

Appeal from Trial Term, Oswego County.

Action by George F. Long against the Fulton Contracting Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Hiscock, Doheny, Williams & Cowie, for appellant.
O. M. Reilly, for respondent.

WILLIAMS, J. The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide event. The action was for negligence, and a verdict was rendered for plaintiff for $6,000. No question is made on this appeal as to plaintiff's right to recover.

The only controversy is as to the admission of evidence as to plaintiff's injuries, upon which the amount of damages was determined by the jury. The court admitted under defendant's objections and exceptions that the injuries resulted in epilepsy, paralysis, and mental impairment. This the defendant claimed was improper under the complaint and a bill of particulars served by the plaintiff. The complaint made the following allegations as to the injuries, viz.:

"Causing the boom and bolt which held the clamp upon said boom to strike the plaintiff in the left side of the head, also striking him on the left hip and ankle, knocking him down upon the ground, and knocking him senseless, and inflicting a very deep and severe injury in his head, and fracturing his skull, and severely injuring his left leg and ankle, by reason of which he

suffered and underwent great pain in his head, left hip, leg, and ankle; that he was so severely injured that he was unable to help himself; that he was removed in such condition to the City Hospital of Fulton, where he underwent an operation for the injuries received in his head, and was also treated for the injuries received in his left hip, leg, and ankle; that he remained in said hospital under the treatment of the hospital authorities for a period of five weeks; that from the time of such injuries up to and including the time of such operation and during all the time he was at said hospital for said period he suffered and underwent great pain in his head, also in his left hip, leg, and ankle, by reason of the injuries hereinabove alleged and set forth, and during all of said period was under the doctor's and nurse's care, and was compelled to employ medical attendance and assistance, and incurred great expense for medical treatment and nursing; that he is still suffering great pain in his head and left ankle, and compelled to wear a rubber band upon said left ankle, by reason of which said left ankle is very weak; that he is still under the doctor's care and incurring great expense by reason of such injury; that ever since such injury was received he has been very nervous and restless, having suffered pain in his head and left ankle, and being deprived of his sleep, and unable to sleep, by reason of the injuries and pain hereinabove stated, and is still suffering great pain in his head and left ankle by reason thereof. Plaintiff further alleges upon information and belief that the injuries hereinabove stated and set forth and received by the plaintiff herein in his head and left ankle are permanent and from which he will never recover."

In the bill of particulars the injuries were described as follows:

"Causing the boom and bolt which held the clamp on said boom to strike the plaintiff in the top of the head, a little to the left of the center and towards the forehead (said bolt being about five-eighths of an inch in diameter with a nut upon one end and being about 2½ to 3 inches in length), causing the bolt to go down through and into plaintiff's head between 2½ to 3 inches, until the nut upon said bolt and the skull came in contact, and also crushing the skull, and penetrating through the hair, skull, bone, brain, and flesh, downward towards the left jaw, thereby lacerating the brain and skull, and necessitating the removal of the brain below the skull to a depth of between 2½ to 3 inches, removing the hair and skull, leaving a depression in the head about 2½ inches long, and ¼ to ½ inch in width, which injury knocked the plaintiff down upon the ground and rendered him senseless; that said injury so inflicted above described was a permanent injury, and from which plaintiff will never recover; that from the time of said injury and during the operation, which was performed shortly after the injury, and ever since, the plaintiff has suffered great pain in his head, especially where this injury was received, and has suffered great loss of sleep and weakness of body, rendering him unable to do any manual labor. The boom also struck the plaintiff on the left hip, leg, and ankle, and especially upon the left ankle, causing severe pain and weakness of the ankle, compelling the plaintiff to wear a rubber bandage upon it, which plaintiff has been compelled to wear ever since said injury and now wears; that said ankle is very weak and unable to sustain the plaintiff's weight, and plaintiff suffers great pain from the same, and is unable to use the same, or to bear any weight upon the same to any extent; that said injury so inflicted upon said ankle above described is a permanent injury, and from which plaintiff will never recover, as he is informed and believes."

The accident occurred March 21, 1908. The complaint was made June 8, 1908. The bill of particulars was made September 25, 1908, and the trial took place January 18–20, 1909. There were certainly words enough used in these papers in describing the injuries and their effect upon the plaintiff, and yet through the whole there was not an intimation of epilepsy, paralysis, or mental impairment. Even if it were not regarded as necessary to specify these conditions in

the complaint, it would seem they should have been in some way referred to and indicated in the bill of particulars. The only object of calling for such bill was to ascertain what particulars were claimed, so that the defendant might be prepared to meet the proofs on the trial as to the nature and extent of the injuries. If these conditions were present, why did plaintiff conceal them, and fail to specify them in his complaint and bill of particulars? Even at the trial evidence of these conditions was held back and only offered at a late stage of the examination of the physicians. The real question involved, however, is whether the evidence when given was competent under the allegations of the complaint, and the statements in the bill of particulars. All these conditions are claimed to have resulted from the injury to the head. The evidence, at most, tends to show that these conditions did in this instance result from the injury to the head. It does not, however, show that they would always necessarily and immediately result from such an injury. The rule, as I understand it, is that, if a recovery is sought for consequences which do not necessarily and immediately flow from the injury, the damages therefor are known as special and cannot be recovered unless alleged in the complaint or specified in a bill of particulars, and the burden of showing that the injuries for which damages are claimed are the necessary and immediate consequence of the injury received is upon the plaintiff. A great many cases are cited and discussed by the respective counsel, and it would not be well to go over them in this opinion. It would occupy too much space. A few references will be sufficient to show the correctness of the rules above stated.

In Kleiner v. Third Avenue R. R. Co., 162 N. Y. 193, 56 N. E. 497, this principle is laid down, and the following cases are cited and discussed: Ehrgott v. Mayor, 96 N. Y. 264, 277, 48 Am. Rep. 622; Uransky v. Dry Dock, E. B. & B. R. R. Co., 118 N. Y. 304, 23 N. E. 451, 16 Am. St. Rep. 759; Gumb v. Twenty-Third St. R. R. Co., 114 N. Y. 411, 21 N. E. 993. The Ehrgott Case is limited and explained in the Kleiner Case, and we need not discuss it here. In Johnson v. City of Troy, 124 App. Div. 29, 108 N. Y. Supp. 917, a late case in the Appellate Division, the same principle is stated and applied, and several cases referred to and considered. As I understand the proof here, it does not appear that, these conditions here involved, epilepsy, paralysis, or mental impairment must necessarily and immediately follow injuries such as are specified in the complaint and bill of particulars. They may sometimes do so, but not always, and therefore, if they did result in this case, they should have been specially alleged and stated, or else they could not be proved and damages recovered therefor.

The court erroneously allowed such proof and recovery on the trial, and therefore there must be a reversal and a new trial. All concur.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.