FULFORD v. LINCH (two cases). (Nos. 7365, 7366.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. DAMAGES ☞158—PLEADING AND PROOF—VARIANCE.

Where the complaint alleged that plaintiff suffered painful injuries to her left leg, which was made sore and lame, and the bill of particulars averred injuries to the thigh and muscles thereof, ankle, and knee-cap, and alleged difficulty in walking, evidence that by reason of the injuries plaintiff's left leg had become shorter is not admissible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–444; Dec. Dig. ☞158.]

2. DAMAGES ⊙⇒158—RIGHT OF HUSBAND—INJURIES TO WIFE—PLEADING.

A husband is not entitled to recover general damages for injuries to his wife, those belonging to her, and, as he can recover special damages only, they must be alleged; hence a husband cannot show that injuries to his wife prevented marital cohabitation, where it was not pleaded.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–444; Dec. Dig. ⊙⇒158.]

Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Actions by Leonora Fulford and by William Fulford against George W. Linch, as receiver of the Second Avenue Railroad Company. From judgments for plaintiffs, and orders denying motions for new trial, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Charles H. Tuttle, of New York City (Harold R. Medina, of New York City, on the brief), for appellant.

Leon Forst, of New York City, for respondent.

HOTCHKISS, J. These were several actions by husband and wife to recover damages arising from injuries received by the wife while alighting from a street car on which she had been a passenger. The two cases were tried together, the testimony of the various witnesses being taken and received as common to both. There was a sharp conflict at the trial on the question of defendant's negligence, and also as to the seriousness of her alleged injuries, and a substantial verdict for the plaintiff was rendered in each case. On the question of defendant's negligence we are not disposed to interfere with the verdict, but in view of the state of the evidence on the question of damages it is proper that we should critically examine any alleged errors in the admission of evidence which might have affected the amount awarded.

[1] Dr. Goodman, a medical expert who examined the wife, was sworn in plaintiff's behalf, and was permitted to testify, over objection and exception, that on examining the wife's left leg some 16 months after the accident he found it shortened, and that in the present state of medical science for the treatment of such conditions he was unable to say how long the difficulty might continue. Neither in the wife's complaint nor in her bill of particulars was there any reference to a shortening of the leg. The complaint alleges that she "sustained serious and painful injury to her left leg, and was made sick, sore, lame, and disabled, and received contusions and bruises on her limbs and body," which she believed would be permanent, and that ever since the accident she had "been unable to walk, except with assistance," and had been advised that she "will never be able to again walk with the same freedom." In her bill of particulars she undertook to specify in detail the exact injuries she had received, and these, so far as her left leg is concerned, are stated to have been:

"Injuries to the left thigh and muscles thereof, to the left knee-cap and muscles thereof, and to the left leg and muscles thereof. The left ankle and

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

left foot and the knee-cap and ankle of the left leg were dislocated, causing plaintiff great pain, and continuing to cause plaintiff great pain. Both ankle and knee of left leg are disfigured. As a result of said injuries the said knee and said ankle have become enlarged. * * * Plaintiff has become lame as a result of said injuries, * * * and walks with great pain."

In the foregoing detailed statement there is no reference whatever to a shortening of the leg, and although in the complaint it was stated that plaintiff had become "unable to walk, except with assistance," and in the bill of particulars that she had "become lame as the result of said injuries," there was nothing to indicate that the lameness arose from a shortening of the leg. In Keefe v. Lee, 197 N. Y. 68, 90 N. E. 344, 27 L. R. A. (N. S.) 837, the question was examined at length as to what evidence of injuries could properly be received under general or particular allegations. In that case plaintiff had been injured by a vicious horse, and the complaint alleged:

"That the plaintiff is seriously and permanently injured through his head, skull, eyes, and bruises to his right leg and body;" also that "said horse did viciously attack the plaintiff, jumping upon him, kicking him in his legs and feet, striking the plaintiff upon his head, breakng his skull, tearing the skin and scalp therefrom, wounding, injuring, and bruising his right leg and his body, and nearly killing this plaintiff."

It was held error to admit evidence tending to show that the plaintiff suffered deafness as the result of his injuries. In the course of its opinion the court examined Ehrgott v. Mayor, etc., 96 N. Y. 264, 48 Am. Rep. 622, and Kleiner v. Third Ave. R. R. Co., 162 N. Y. 193, 56 N. E. 497. In the Kleiner Case the complaint alleged that:

"The plaintiff received severe and painful contusions to her head and body and arms, and lacerated her scalp, whereby she sustained severe nervous shock and concussion of the brain and injured her eyesight, and she was for a time rendered unconscious, and she thereby sustained permanent injuries."

These allegations were held insufficient to justify proof that the result of the injuries—

"was to produce heart disease, vertigo, curvature of the spine, and other diseases; it not appearing that such consequences necessarily and immediately resulted from the shock."

Speaking of the Kleiner Case the court said (page 72 of 197 N. Y., page 346 of 90 N. E.) that the effect of the decision was—

"to materially restrict the asserted right to prove special damages under a complaint containing general words alleging permanent injuries and nervous shock, and it confines the Ehrgott Case as a precedent to the language used in the complaint in that case. * * * The complaint in this case does not directly or indirectly allege that plaintiff's deafness is the result of his injuries. Deafness is not a necessary, natural, or ordinary result of the injuries alleged in the complaint."

Continuing, and after again referring to the Ehrgott Case, in which there were "general words" indicating bodily injury, the court proceeded to express its opinion of a situation where there were "general words," followed by a particular description of the alleged injuries. Continuing, the court said (page 74 of 197 N. Y., page 346 of 90 N. E.):

"Where a plaintiff attempts by his complaint to specify particular damages which he claims to have suffered, he thereby, at least to some extent, negatives any claim for damages other than those which he has specified. In saying that he was 'seriously and permanently injured through his ·head, skull, eyes, and bruises to his right leg and body,' he did not thereby include injury to the organs of hearing, but rather confined his specification to general injuries to his head and skull and eyes. As the skull and eyes are parts of the head, it will be presumed that, so far as the plaintiff intended to particularize in regard to the injuries to the head, he intended to confine his statement of injuries to the parts named, and that his claim of deafness arising from his injuries was an afterthought."

In the case at bar, as I have said, the complaint alleged that the wife had "sustained serious and painful injury to her left leg, and was made sick, sore, *lame*," etc. But when called upon to specify the particulars of her injuries we find that, although plaintiff went into very considerable minutiæ in specifying the exact injury she had received, she totally failed to state that her left leg had been shortened, although she did state that as a result of the injuries thus particularly specified she "has become lame." It cannot be said that a shortening of the leg was such an injury as necessarily, usually, or immediately arose from the injuries particularly specified, nor that plaintiff's lameness was necessarily to be attributed to a shortening of her leg rather than to the particular injuries she had chosen to specify. It follows, therefore, that it was error for the court to admit the evidence in question.

[2] So far as the record concerns the action of the husband, I think further error is disclosed in the admission of evidence. The husband's complaint contained a general allegation that in consequence of the alleged injuries to his wife he had been deprived of her services, "and his comfort, happiness, and companionship in her society have been impaired." There was no allegation of damage other then in the above general words. The husband was not entitled to recover general damages for the injury to his wife, for those damages belonged to and were recoverable by her alone. The husband could recover special damages only, and it was necessary that all such special damages should be alleged. Uertz v. Singer Mfg. Co., 35 Hun, 116. Over the defendant's objection and exception the husband was permitted to testify that for a period of upwards of five months after the accident his wife's condition was such that intercourse between them was impossible. Assuming that damages were recoverable by the husband because of any such state of facts, they were special damages, and as such should have been alleged. City of Dallas v. Jones (Tex. Civ. App.) 54 S. W. 606.

For the reasons above stated, both judgments and orders should be reversed, and new trials granted, with costs to appellant to abide the event. Orders filed.

McLAUGHLIN and LAUGHLIN, JJ., concur. INGRAHAM, P. J., and DOWLING, J., dissent.