PETER KURAK, Respondent, *v.* PETER TRAICHE, Appellant.

Negligence — evidence — allegations of specific injuries — under such allegations it is erroneous to allow evidence of an injury not alleged or referred to in the complaint.

1. Where the injuries alleged in an action for negligence are specifically stated, parts of the body mentioned and the injuries to the parts are given, an accompanying clause of general injury to other parts of the body naturally leads to the inference that such are of minor importance or else connected with and necessarily growing out of the injuries specified.

2. Where plaintiff, who was injured by defendant's automobile, alleged specific injuries "and that he was otherwise bruised, sprained and injured in and about various parts of the body," it was error to allow evidence of paralysis of the right side of the face, such injury not having been referred to in the complaint. (*Keefe* v. *Lee*, 197 N. Y. 68, followed; *Ehrgott,* v. *Mayor etc., of New York*, 96 N. Y. 264, distinguished.)

*Kurak* v. *Traiche*, 178 App. Div. 952, reversed.

(Submitted April 16, 1919; decided April 22, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 21, 1917, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries and for injury to property alleged to have been sustained by plaintiff through the negligence of the defendant.

The facts, so far as material, are stated in the opinion.

*David B. Sugarman* and *Carleton B. Shaw* for appellant. The reception of evidence tending to show paralysis of plaintiff, when though the injuries of the plaintiff were set forth in the complaint, no claim of paralysis was made therein, was error. (*Hergert* v. *Union Ry. Co.*, 25 App. Div. 218; *Gumbb* v. *Twenty-third Street Ry. Co.*, 114 N. Y. 411; *Uransky* v. *D. D., E. B. & B. R. R. Co.*, 118 N. Y. 304; *Kleiner* v. *Third Ave. R. R. Co.*, 162 N. Y. 193; *Lewin* v. *Lehigh Valley R. R. Co.*, 66 App. Div. 409; *Sealey* v. *Met. St. Ry. Co.*, 78 App. Div. 530; *Wilkins* v. *N. N. & E. Co.*, 98 App. Div. 130; *Johnson* v. *City of Troy*, 124 App. Div. 29; *Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 59; *Ackman* v. *Third Ave. R. R. Co.*, 52 App. Div. 483.)

*Edward W. Cregg* and *Charles F. Cummings* for respondent. The pleadings were sufficient to permit the admission of all evidence given regarding injuries. (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Eichholz* v. *N. F. H. P. & M. Co.*, 68 App. Div. 441; *Bowen* v. *R. R. Co.*, 35 N. Y. Supp. 542; *Huttner* v. *M. S. R. R. & D. El. Traction Co.*, 133 Minn. 368.)

CRANE, J. There is but one serious question in this case. The plaintiff proved as part of his injury for which he sought damage a paralysis of the right side of his face. There was nothing said about it in the complaint. An exception having been taken to the admission of this testimony for this reason, we are presented again

with the much discussed question of how fully a complaint should inform the defendant of the elements of damage. The cases which are numerous upon this point were fully reviewed and the principle clearly stated by CHASE, J., in *Keefe* v. *Lee* (197 N. Y. 68, 70, 74). To the rule there stated, we must adhere as it has been followed repeatedly by the lower courts. " Where a person," reads the opinion, " alleges and proves that he has been injured in his person the law implies that damages result from such injury, and he may recover such damages as necessarily, usually and immediately flow therefrom, under a general allegation in the complaint that damages have been sustained by him by reason of such injury. * * * If a person seeks to recover damages other than such as necessarily, usually and immediately flow from the injury he must allege such special damages and prove them. * * * Where a plaintiff attempts by his complaint to specify particular damages which he claims to have suffered, he thereby, at least to some extent, negatives any claim for damages other than those which he has specified."

The complaint in this case, alleging that the plaintiff while driving his horse and wagon in the streets of Syracuse was run into by the defendant's automobile, states his injuries to be the following: " That his left arm was bruised, sprained and fractured; that his left knee was bruised, sprained and injured; that several ribs on the left side of his body were fractured; that his back and the muscles and ligaments thereof were bruised, sprained and injured; that his spine was injured and that he received a severe internal injury, and that he was otherwise bruised, sprained and injured in and about various parts of his body; that he suffered a severe nervous shock."

There is no allegation that he suffered a paralysis of the face and such a misfortune is not a necessary, natural or ordinary result of the injuries alleged. Although it was no doubt caused by his injuries, there is no proof

that it was the necessary or natural result to be expected from the fracture of his arm or his bruised knee or his broken ribs or the sprained back or injured spine or the nervous shock.  In the absence of such proof, it must be assumed that this separate and distinct facial difficulty was not in all cases to be anticipated as accompanying such injuries.

The fact, therefore, should have been alleged.  It is stated, however, that the rule laid down in the *Keefe* case and in *Kleiner* v. *Third Avenue Railroad Company* (162 N. Y. 193) is not applicable because of the general statement accompanying the above specified injuries contained in the words — " and that he was otherwise bruised, sprained and injured in and about various parts of his body."

If these words were the only allegations of injury, the rule of *Ehrgott* v. *Mayor, etc., of N. Y.* (96 N. Y. 264) would probably apply, permitting the plaintiff to prove any kind of an injury, the defendant's protection resting in his right to demand a bill of particulars.  But it was stated in the *Keefe* case that the principle of the *Ehrgott* case was to be confined to the language used in the complaint in that case.  Mere general allegations of injury necessarily put the defendant on inquiry as he is not informed what part of the body is injured or what the nature of the injury is.  But where the injuries are specifically stated, parts of the body mentioned and the injuries to the parts are given, an accompanying clause of general injury to other parts of the body naturally leads to the inference that such are of minor importance or else connected with and necessarily growing out of the injuries specified.  Such general allegation is hardly a fair notice of a special disorder or disease as important and as serious as those specified.  Such a clause, therefore, as that mentioned does not permit the plaintiff to prove injuries other than those specified unless naturally developing out of them.  This has been the rule applied by the courts.  (*Briscoe*

v. *City of Mt. Vernon,* 174 App. Div. 200; *Sealey* v. *Metropolitan Street R. Co.,* 78 App. Div. 530; *Lockwood* v. *Troy City Rwy. Co.,* 92 App. Div. 112; *Long* v. *Fulton Contracting Company,* 133 App. Div. 842; *Fulford* v. *Linch,* 168 App. Div. 70.)

We are obliged to hold, therefore, in adherence to this well-established practice that the evidence of paralysis to the face was improperly received under the allegations of the complaint and that the judgment of the lower courts must be reversed and a new trial granted, with costs to abide the event.

CHASE, COLLIN and CUDDEBACK, JJ., concur; HOGAN, J., concurs in result; HISCOCK, Ch. J., and McLAUGHLIN, J., dissent.

Judgment reversed, etc.    .