BERNARD REIZ, Appellant, v. NATHAN GROSSMAN, Respondent.— Judgment unanimously affirmed, with costs.  No opinion.  Present — Kelly, P. J., Manning, Young, Kapper and Hagarty, JJ.

DOMINICK TUCCI, Respondent, v. INTERSTATE CONTRACTING Co., INC., Defendant.' SAM BRUSCO and FRANK R. CURCIO, Respondents; ABE H. KAVOVITZ and LILLIA KAVOVITZ, Appellants.— Judgment and order denying new trial reversed upon the law and the facts, and new trial granted, costs to abide the event, upon the ground that the verdict of the jury that defendants, appellants, had abandoned the written contract under seal, under which the work was progressing, and that they had agreed to employ the contractors to do the work mentioned in the contract as their employees, payable by the day, is contrary to the evidence.  We are also of opinion that the judgment and order should be reversed upon the law and a new trial granted, upon the ground that the learned trial court erred in admitting evidence of plaintiff's alleged impairment of hearing, evidence of such impairment of hearing being inadmissible under the allegations in the complaint.  ( Kurak v. Traiche, 226 N. Y. 266, and cases cited; Piltz v. Yonkers Railroad Co., 83 App. Div. 29.)  Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

In the Matter of the ANNUAL CORPORATE MEETING AND THE ELECTION OF TRUSTEES OF THE WASHINGTON AVENUE BAPTIST CHURCH.— Order affirmed, without costs.  We find no reason to interfere with the order of the Special Term in setting aside the corporate elections referred to.  A careful reading of the order convinces us that the directions contained therein are not in conflict with the requirements of the statute* relative to the qualifications of voters at said elections. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

REBECCA SEGAR, Respondent, v. JOE STRAUCHLER and SAM ZIMMERMAN, Appellants.— Motion to punish Rebecca Segar and Milton M. Leichter for contempt of court denied.  Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

RACHEL YEDLIN and YETTA TARTAKOFF, Appellants, v. HARRIS RUBIN, CHARLES RUBIN and Another, Respondents.— Defendants' motion to resettle order granted. Order signed.  Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

JUAN A. ALMIRALL and EMMA K. ALMIRALL, Plaintiffs, v. AARON L. GLICKMAN and MAX ISAACS, Defendants.— Judgment unanimously directed for defendants on submission of controversy, without costs.  While the restrictive covenant is not definite in its terms, the language used and the circumstances show that it was intended to run with the land and to limit the erection of buildings to within the same distance from the building line as the other properties on the same side of the street and the same block, which were set back about twenty-five feet. The restrictive covenant was for the benefit of the land and dwelling houses thereon retained by Wheeler.  He and his assigns may enforce it against the grantees of the property burdened with it.  (Korn v. Campbell, 192 N. Y. 490.)  In any event, the situation shows that if the defendants were compelled to take title, they would probably be involved in a lawsuit, and, therefore, should not be compelled to take title.  Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.  Settle judgment on notice before Mr. Justice Lazansky.

---

* See Rel. Corp. Law, § 134; Gen. Corp. Law, § 32.— [REP.