In an action to recover damages for personal injuries, alleged to have been caused by negligence of the defendants in the operation of an automobile which collided with an automobile operated by plaintiff while plaintiff’s automobile was stopped at a street intersection, judgment in favor of plaintiff and against defendants, entered on the verdict of a jury, reversed on the law and a new trial granted, with costs to appellants to abide the event. Plaintiff had served a bill of particulars in which she stated her injuries as contusions and hematoma and, in addition, had stated that she suffered from various pains, aches, and limitations and restrictions of motion, which might have been symptoms of the injuries complained of, • or of resultant conditions, not specified in the bill of particulars. Plaintiff also stated that she was unable to state whether such injuries were permanent, and reserved the right to make claim for such permanent injuries as might be ascertained in the future. On the trial, over objection of defendants, plaintiff was permitted to prove permanent injuries and conditions not specified in the bill of particulars, but which were stated to have resulted from those specified. This was error. Defendants have no cause for complaint that plaintiff was permitted to prove that the restriction or limitation of motion specified in her bill of particulars was permanent, since they had not moved for a further bill, or to preclude plaintiff from offering such proof. (Gebhard v. Parker, 120 N. Y. 33; Reis Co. V. Post, 183 App. Div. 696; Atlas Powder Co. v. Mid Island Laundry Co., Inc., 175 Mise. 960.) They were, nevertheless, entitled to rely on plaintiff’s statement as to the injuries sustained, and to limit her, on trial, to proof of those specified. (Voccia v. Pleasure Boat Co., 239 App. Div. 165, affd. 264 N. Y. 656.) The permanent injuries and conditions established on trial were not such as resulted, immediately and necessarily, from any of the injuries stated in the bill. (Cf. Schulz v. Finn, 273 App. Div. 780; Page v. President of Delaware <& Hudson Carnal Co., 76 App. Div. 160.). The learned trial court erred also in charging, in response to a request by respondent’s attorney, with respect to the inferences' which the jury might draw from a failure to produce a witness under the control of the defendants, that the jury might draw such inferences as they might think proper against the party who failed to produce the witness. (Milio v. Railway Motor Trucking Co., 257 App. Div. 640; Perlman v. Shanck, 192 App. Div. 179.) Findings of fact implicit in the verdict are affirmed.' Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ. concur.