FLORENCE MAURO et al., Respondents, v. EDWARD RUCKERT et al., Defendants, and NEW YORK TELEPHONE COMPANY et al., Appellants. (Action No. 1.) MARIE RUCKERT et al., Plaintiffs, v. NEW YORK TELEPHONE COMPANY, Defendant. (Action No. 2.) It was improper to admit evidence of the plaintiff wife's claimed loss of sensation in her left leg and to permit recovery therefor, since no claim of such condition was set forth in her bill of particulars, and since no evidence was adduced at the trial that such loss of sensation necessarily and immediately flows from any of the injuries which were set forth in said bill (cf. *Kleiner* v. *Third Ave. R. R. Co.*, 162 N. Y. 193; *Long* v. *Fulton Contr. Co.*, 133 App. Div. 842; *Fulford* v. *Linch*, 168 App. Div. 70; *Page* v. *President, etc., Delaware & Hudson Canal Co.*, 76 App. Div. 160; *Brett* v. *Simon*, 277 App. Div. 890; *Schulz* v. *Finn*, 273 App. Div. 780). Accordingly, as to plaintiff wife a new trial is required, unless, as already indicated, she shall elect to stipulate to reduce the verdict in her favor to $35,000. We deem this sum to be adequate compensation to the wife for the injuries alleged in her bill of particulars and established by competent proof. We also deem the amount awarded by the jury to be excessive in any event, whether the loss of sensation be properly excluded or included in the compensable injuries. Beldock, P. J., Ughetta, Hill, Rabin and Hopkins, JJ., concur.