MARGARET KLEINER, by her Guardian ad Litem, CHARLES KLEINER, Respondent, v. THE THIRD AVENUE RAILROAD COMPANY, Appellant.

1. NEGLIGENCE — EVIDENCE. In an action for personal injuries evidence of the omission to sound the gong upon a street car at a crossing, although not the cause of the plaintiff's injury, may be admissible as a part of the history of the transaction, as bearing upon the degree of care exercised by the defendant's employees and upon the question of contributory negligence.

2. APPEAL — EVIDENCE NOT REVIEWABLE NOTWITHSTANDING ALLOWANCE OF APPEAL FROM UNANIMOUS DECISION. The Court of Appeals cannot review the sufficiency of the evidence to sustain a verdict after a unanimous affirmance by the Appellate Division, in an action for personal injuries, notwithstanding the allowance of an appeal, but can consider only such questions of law as are raised by proper exceptions.

3. TRIAL — WHEN CHARGE DOES NOT INTERFERE WITH PROVINCE OF JURY. It is not error for the trial court to charge, in such an action, that if the jury believe that the accident happened in the manner described by the defendant's witnesses their verdict must be for the defendant, and if they believe it occurred in the manner described by the plaintiff and her witnesses, she is entitled to recover, since it leaves to the jury the determination of all the facts.

4. PLEADING AND PROOF — EVIDENCE AS TO SPECIAL DAMAGES. The averment in a complaint in an action for personal injuries that plaintiff sustained a severe nervous shock is insufficient to justify her in proving that the result of that shock was to produce heart disease, vertigo, curvature of the spine and other diseases, it not appearing that such consequences necessarily and immediately resulted from the shock, as the rule is that special damages must be specially alleged, and the reception of evidence of such resultant injuries, properly excepted to, is reversible error.

*Kleiner* v. *Third Ave. R. R. Co.*, 36 App. Div. 191, reversed.

(Argued January 18, 1900; decided February 27, 1900.)

25

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered January 30, 1899, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert R. Limburger, Henry L. Scheuerman* and *Henry Siegrist, Jr.,* for appellant. The trial court erred in allowing the admission of testimony as to whether or not a bell was sounded during the approach of the car that struck the coach. (*Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 N. Y. 424; *Wohlfahrt* v. *Beckert*, 92 N. Y. 490; *Daniels* v. *S. I. R. T. Co.*, 125 N. Y. 407; *Huber* v. *N. E. R. R. Co.*, 22 App. Div. 426; *Coyle* v. *T. A. R. R. Co.*, 18 Misc. Rep. 9; *Jager* v. *C. I. & B. R. R. Co.*, 84 Hun, 307; *Erben* v. *Lorillard*, 19 N. Y. 299; *People* v. *Smith*, 104 N. Y. 491; *Furst* v. *S. A. R. R. Co.*, 72 N. Y. 542; *Holmes* v. *Moffat*, 120 N. Y. 159.) The court erred in charging the jury that if they believed that the accident occurred according to the manner described by plaintiff's witnesses plaintiff was entitled to recover. (*White* v. *Albany Ry.*, 35 App. Div. 23; *Hamilton* v. *T. A. R. Co.*, 6 Misc. Rep. 382; *Morrissey* v. *M. E. R. Co.*, 18 App. Div. 67; *Kain* v. *Smith*, 89 N. Y. 384; *Dolan* v. *D. & H. C. Co.*, 71 N. Y. 285; *Cass* v. *T. A. R. R. Co.*, 20 App. Div. 591, 595; *Hart* v. *H. R. B. Co.*, 80 N. Y. 622; *S. S. Nat. Bank* v. *Sloan*, 135 N. Y. 371; *McGrath* v. *M. L. Ins. Co.*, 6 N. Y. S. R. 376; *Brady* v. *Cassidy*, 9 Misc. Rep. 107.) Errors in the reception of evidence respecting injuries not pleaded and in refusing to charge as requested with respect to such injuries, necessitate reversal. (*Gumb* v. *T. T. S. R. Co.*, 114 N. Y. 411; *Stevens* v. *Rodger*, 25 Hun, 54; *Uransky* v. *D. D., E. B. & B. R. R. Co.*, 118 N. Y. 304; *Uertz* v. *S. M. Co.*, 35 Hun, 116; *Squier* v. *Gould*, 14 Wend. 159; *Armstrong* v. *Percy*, 5 Wend. 535; *Neary* v. *Bostwick*, 2 Hilt. 514; *Vanderslice* v. *Newton*, 4

N. Y. 130; *Molony* v. *Dows*, 15 How. Pr. 261; *Baldwin* v. *N. Y. & H. N. Co.*, 4 Daly, 314.) The court erred in refus- ing to charge that there was no proof that the neurasthenia. was permanent. (*Reardon* v. *T. A. R. R. Co.*, 24 App. Div. 163; *Hayes* v. *T. A. R. R. Co.*, 18 Misc. Rep. 582; *Horowitz* v. *H. A. P. Co.*, 14 App. Div. 631; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 42; *Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 115 N. Y. 61; *Mosher* v. *Rus- sell*, 44 Hun, 12; *Mitchell* v. *Turner*, 149 N. Y. 39.) It was error to permit Dr. Kolb to testify as to his opinion, basing it upon facts assumed to be true in addition to or in connection with the facts which he knew to be true, and which he had testified to. (*Matter of Snelling*, 136 N. Y. 515; *Reynolds* v. *Robinson*, 64 N. Y. 589; *McGuire* v. *B. H. R. R. Co.*, 30 App. Div. 227; *People* v. *McElvaine*, 121 N. Y. 250; *Guiternan* v. *L., etc., S. S. Co.*, 83 N. Y. 358; *Gregory* v. *N. Y., L. E. & W. R. Co.*, 28 N. Y. S. R. 726.) The court erred in the admission of evidence relative to the cause of the spinal curvature. (*Blate* v. *T. A. R. R. Co.*, 16 App. Div. 287; *Carpenter* v. *Blake*, 2 Lans. 206; *Greg- ory* v. *N. Y., L. E. & W. R. R. Co.*, 55 Hun, 303; *Barton* v. *Govan*, 26 N. Y. S. R. 847; *Link* v. *Sheldon*, 136 N. Y. 1; *Frankfort* v. *M. Ry. Co.*, 12 Misc. Rep. 13.) The court erred in allowing the question as to the permanency of the meningitis, and in refusing to strike out the answer thereto. (*Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 42; *Strohm* v. *N. Y., L. E. & W. R. Co.*, 96 N. Y. 305.)

*I. Newton Williams* for respondent. There was no error in the charge of the court in relation to whether or not defend- ant was bound to sound a gong on its cars while approaching the crossing at which the accident occurred. (*Woods* v. *L. I. R. R. Co.*, 11 App. Div. 16; *Buhrens* v. *D. D., etc., R. R. Co.*, 53 Hun, 571; *Weidinger* v. *T. A. R. R. Co.*, 40 App. Div. 197; *Towner* v. *B. H. R. R. Co.*, 60 N. Y. Supp. 289; *Bresky* v. *T. A. R. R. Co.*, 16 App. Div.

'83; *Fandel* v. *T. A. R. R. Co.*, 15 App. Div. 426; *Zimmerman* v. *T. A. R. R. Co.*, 3 App. Div. 219; *Cass* v. *T. A. R. R. Co.*, 20 App. Div. 591; *Hoag* v. *N. Y. C. & H. R. R. R. Co.*, 111 N. Y. 202; *Brickell* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 290.)· There was no error in the reception of evidence or in the judge's charge respecting plaintiff's injuries. (*Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 78; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 460; *Griswold* v. *N. Y. C. & H. R. R. R. Co.*, 115 N. Y. '64; *Rexter* v. *Starin*, 73 N. Y. 603; *Ward* v. *Forrest*, 20 How. Pr. 465, 477; *Le Roy* v. *P. F. Ins. Co.*, 39 N. Y. 56; *Woolsey* v. *Trustees, etc.*, 155 N. Y. 576; *Darling* v. *Klock*, 33 App. Div. 270.) Appellant's contention in relation to Dr. Kolb's testimony is untenable. (*Hall* v. *Crouse*, 13 Hun, 562; *Cannon* v. *B. C. R. R. Co.*, 9 Misc. Rep. 282; *Clegg* v. *M. S. Ry. Co.*, 1 App. Div. 207; *Quinn* v. *O'Keeffe*, 9 App. Div. 68; *Connelly* v. *M. Ry. Co.*, 60 Hun, 495; *Turner* v. *City of Newburgh*, 109 N. Y. 308; *Coler* v. *Fall Brook C. Co.*, 87 Hun, 584.)

MARTIN, J. This action was for negligence. The plaintiff was injured on October 28, 1897, by a collision between a coach in which she was riding and one of the defendant's cars, at the crossing of Twenty-sixth street over the defendant's tracks on Third avenue. She had judgment at the Trial Term, which was unanimously affirmed by the Appellate Division in the first department. An appeal to this court· has been allowed. It is claimed that the determination in this case is in conflict with the decision of the Appellate Division in the second department in the case of *Huber* v. *Nassau E. R. R. Co.* (22 App. Div. 426).

An examination of both cases discloses that the alleged conflict has no existence. In the *Huber* case it was held that in an action to recover damages resulting from a collision between a vehicle and an electric car, where it appeared that the owner of the vehicle was already aware of the approach of the car, the company was entitled to have the jury instructed that the

defendant was not guilty of negligence by reason of any fail-
ure to ring a gong at the point in question. In the case at
bar the driver of the coach in which the plaintiff was riding
testified that he had observed the approach of the car when
it was at Twenty-seventh street, and again when it was at
about the center of the block between Twenty-sixth and
Twenty-seventh streets. After the admission of that evidence
the plaintiff asked the driver and several other witnesses
whether the bell on the car was sounded. This evidence was
objected to as immaterial and irrelevant, as no part of the neg-
ligence charged, and upon the ground that it was not negli-
gence as the defendant was under no obligation to ring the
bell. These objections were overruled, and the defendant
excepted. No other objections were interposed to this evi-
dence. The real claim of the defendant is that the proof
having disclosed that the driver was aware of the approach of
the car, the omission to ring the bell or sound the gong, even
if negligence, did not contribute to or cause the plaintiff's
injury, and, hence, the evidence was inadmissible. It is to be
observed that no such objection was made to this evidence, so
that the question which the defendant seeks to raise here is
not presented by any exception in the case. In this case the
court expressly charged that the defendant was not bound to
ring any gong at this crossing, as the law did not require it.
It, however, submitted the proof as to the omission to ring the
gong to the jury to be considered in connection with the other
evidence in the case in determining the defendant's liability.
In the case at bar the court expressly charged the proposition
which was refused in the *Huber* case.

Obviously, this case does not fall within the principle appli-
cable to the allowance of appeals to this court, established by
the case of *Sciolina* v. *Erie Preserving Co.* (151 N. Y. 50)
where one of the grounds stated for such an allowance is that
there is an existing conflict in the decisions of the different
Appellate Divisions. Nor does it fall within any other prin-
ciple stated as a basis for allowing such an appeal. We are of
the opinion that as the exception in this case does not raise the

question argued by the defendant, the judgment should not be disturbed upon that ground. The evidence of the omission to sound the gong was admissible as a part of the history of the transaction, and as bearing upon the degree of care exercised by the defendant's employees, and upon the question of the plaintiff's contributory negligence.

Before discussing the other exceptions argued it is to be observed that notwithstanding the allowance of the appeal to this court we cannot review the sufficiency of the evidence to sustain the verdict, as the decision below was unanimous. (*Reed* v. *McCord*, 160 N. Y. 330.)

Therefore, in the farther discussion of this case it must be assumed that the defendant was negligent; that the plaintiff was free from contributory negligence, and that she sustained the damages awarded. Only such questions of law as the defendant has raised by proper exception can be considered by this court. Although the record is replete with objections and exceptions of every variety and character, there are but few of possible validity, or that merit special consideration.

The court was first requested by the defendant to charge that if the jury believed the accident happened in the manner described by the defendant's witnesses its verdict must be for the defendant. The court so charged, and thereupon the plaintiff asked it to charge that if the jury believed that the accident occurred in the manner described by the plaintiff's witnesses, then the plaintiff is entitled to recover. To this the court responded, " I have charged that. I charge it again," and the defendant excepted. The defendant argues that this was error which requires a reversal of the judgment, and cites the case of *Dolan* v. *D. & H. C. Co.* (71 N. Y. 285, 290) and other similar cases to sustain that claim. In the *Dolan* case it was said that it is not strictly proper to refer to the testimony of a witness, and ask the court to charge that if the jury believe that witness, they must find in a certain way ; or that a certain legal conclusion follows, because it prevents the jury from construing the evidence and determining what facts it does establish. That case and the other decisions cited are

clearly distinguishable from the case at bar. In those cases the request to charge referred to the testimony of a witness, and then the court was asked to charge that if the jury believed that witness they must find in a certain way, or that a certain legal conclusion would follow. Here, that was not the request or charge, but it was that if the jury believed the accident occurred in the manner described by her witnesses, then the plaintiff was entitled to recover, which was equivalent to charging that if the facts claimed by her were established and found by the jury she was entitled to a verdict. This involved a determination by the jury whether they would believe the evidence of the plaintiff's witnesses or that of the witnesses for the defendant wherever there was a conflict.

Moreover, in this case we have the proposition presented to the jury in a dual form, which was that if they believed that the accident occurred according to the theory and proof of the defendant, it was entitled to a verdict, but if not and they believed the accident occurred in the manner described by the plaintiff and her witnesses, then she was entitled to recover. We do not think this exception valid, or that the charge falls within the principle of the cases upon which the defendant relies.

Another and more serious question arises upon the defendant's objection and exception to the reception of evidence as to resultant injuries that were not averred in the complaint. The complaint, so far as material to this question, reads as follows : " Whereby the plaintiff received severe and painful contusions to her head and body and arms, and lacerated her scalp. and whereby she sustained severe nervous shock and concussion of the brain and injured her eyesight and she was for a time rendered unconscious, and she thereby sustained permanent injuries and was injured for life, all to her damage," etc.

On the trial the plaintiff was allowed, under the defendant's objection and exception, to introduce testimony to show that her heart was affected ; that the dorsal muscle on the right

side was paralyzed and that she had trouble with her menstruation, suffered from vertigo and had a curvature of the spine. That the questions of the admissibility of this evidence and its submission to the jury were properly raised by the defendant's exceptions, there can be no doubt. We think the rule applicable to this question is correctly stated in *Gumb* v. *Twenty-third Street Ry. Co.* (114 N. Y. 411), where it was said : " When a plaintiff alleges that his person has been injured and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury * * * under a general allegation that damages were sustained ; but if he seeks to recover damages for consequences which do not necessarily and immediately flow from the injury * * * he must allege the special damages which he seeks to recover."

*Uransky* v. *D. D., E. B. & B. R. R. Co.* (118 N. Y. 304) is to the same affect. See also 5 Encyclo. of Pleading and Practice (p. 719), where it is said : " Special damages, which are the natural but not necessary result of the injury complained of, must be specifically alleged," citing a great number of cases in this and other jurisdictions.

In *Ehrgott* v. *Mayor* (96 N. Y. 264, 277) the plaintiff gave evidence tending to show that he had a disease of the spine of a permanent nature as a result of his injuries. The evidence was objected to upon the ground that he had not alleged in his complaint such a result from the injury. The court there held that the complaint was sufficient inasmuch as it alleged that he had suffered great bodily injury ; that he became and still continued sick, sore and disabled ; that he was prevented for a long time from attending to business, and was otherwise greatly injured. It was there said: " These allegations are sufficient to authorize proof of any bodily injury resulting from the accident, and if the defendant desired that they should be more definite, it could have moved to have them made more specific, or for a bill of particulars."

The appellant contends that the case at bar does not fall within the principle of the *Ehrgott* case for the reason that

the allegations in the complaint were specific as to the injuries the plaintiff had received and for which she sought to recover, and not general as in that case. In this case the allegations were unlike those in the *Ehrgott* case, as the plaintiff particularly specified several injuries which she sustained by reason of the accident and alleged that she thereby sustained permanent injuries, thus, in effect, limiting her permanent injuries to those previously alleged. It was, however, proved that all the maladies from which she suffered were due to the severe nervous shock which she sustained, and that they resulted therefrom. That she sustained a severe nervous shock was averred, so that the precise question presented here is whether the allegation in the complaint, that she sustained a severe nervous shock, was sufficient to justify her in proving that the result of that shock was to produce heart disease, vertigo, curvature of the spine and the other diseases from which she was shown to have been suffering. While in this case it was unnecessary to allege specific damages in order to maintain the action, still, to recover damages that did not necessarily and immediately flow from the injury, they should have been alleged. The proof in this case does not show that the diseases mentioned necessarily and immediately flowed from a severe nervous shock. The obvious reason for the rule, requiring special allegations of special damages, is to apprise a defendant of any injury claimed to have been sustained which did not necessarily arise from the accident, so as to enable the party to prepare to properly litigate the question upon the trial, or to at least ascertain the facts as far as possible.

In this case the record further discloses that the defendant's attorney insisted that he was surprised at the reception of this proof as an element of damages, and thereupon asked leave to withdraw a juror in order to prepare to meet those claims, offering to comply with any terms the court might impose. This application was denied and the defendant excepted.

We are of the opinion that under the circumstances it was error for the court to receive this evidence, for the reason that the plaintiff's special damages were not sufficiently pleaded,

26

and that for this reason the judgment should be reversed and a new trial ordered. We have examined the other exceptions in the case, but find none that would justify an interference with the judgment or that requires discussion.

Upon the ground already stated, the judgment must be reversed and a new trial ordered, with costs to abide the event.

BARTLETT, J. (dissenting). I think the complaint was sufficient, although its allegations were very general. There was no occasion for the defendant to be surprised at the trial, as the remedy to make definite and certain, which was not invoked, afforded ample protection.

The plaintiff, in brief, alleged contusions to her head, body and arms; laceration of scalp; nervous shock and concussion of the brain; injured eyesight; unconsciousness. She then adds that "she thereby sustained permanent injuries and was injured for life."

This general allegation rendered competent the evidence to which objection was made, and its admission was not error.

The judgment should be affirmed.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN and LANDON, JJ., concur with MARTIN, J., for reversal; BARTLETT, J., reads for affirmance.

Judgment reversed, etc.