### HYNDS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

DAMAGES—PERSONAL INJURIES—PLEADINGS.

> A complaint for personal injuries, alleging that plaintiff was struck in the abdomen and bruised, blackened, and injured there, and internally, authorizes evidence of eruptions that came out on the abdomen, though they were caused by the abdominal pains.
>
> [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 441.]
>
> Hirschberg, P. J., and Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Catharine Hynds against the Brooklyn Heights Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

I. R. Oeland, for appellant.
George V. Brower, for respondent.

GAYNOR, J. The complaint lacks precision, but in its bungling way (which we have to overlook in pleadings nowadays), it alleges that the plaintiff was struck in the abdomen, and bruised, blackened and injured there, and internally. The plaintiff described the severe pains she suffered in the abdomen from the time of the accident, and eruptions like blisters that came out on her abdomen. These latter were objected to as not pleaded. Enough was pleaded to cover all pains, discolorations, swellings and eruptions or blisters of the abdomen. That the doctors gave such eruptions and blisters a scientific name, and said they were caused by the abdominal pain, did not make proof of them erroneous, on the ground they were not within the issue. They were necessarily mentioned in describing the progress and development of the hurt to the abdomen.

The judgment should be affirmed.

Judgment and order affirmed, with costs.

WOODWARD and JENKS, JJ., concur.

HOOKER, J. (dissenting.) The plaintiff has a verdict in this action for personal injuries, and the defendant, to support its appeal, urges that error was committed by the trial court in allowing proof of inflammation and eruptions on the plaintiff's abdomen, because they were not pleaded. The allegation in the complaint is that the plaintiff was struck violently in the abdomen by the turnstile maintained by the defendant, "bruising her, and leaving her in a dazed condition from the pain; that her person was severely bruised and blackened on the outer part of the abdomen by the injury, and she was injured internally, so that by reason thereof she was for several weeks confined to her bed, and rendered helpless, suffering great pain; that she received a severe nervous shock to her nervous system; that she suffered, and still suffers, great pain by reason of said injury, and will suffer in the future; that her general health has been impaired, and a serious internal injury to her intestines has been caused thereby, and which will in all probability prove permanent." The plaintiff's medical experts testified that the inflammation and eruptions were diagnosed as dermatitis herpetiformis; that this disease was produced by the plaintiff's long continued nerve-racking pain; and that the long continued nerve-racking pain was the result of the injuries to her abdomen sustained by contact with the arm of the turnstile. The dermatitis herpetiformis did nor develop until some eight months after the accident, during most of which time she had, as a result of her primary injury, suffered intense pain almost continuously. It is evident, therefore, that the skin trouble was not an immediate and natural consequence of the injuries. Proof of the condition should not have been allowed, in the absence of special averment of such damage. Kleiner v. Third Ave. R. R. Co., 162 N. Y. 193, 56 N. E. 497; Sealey v. Met. St. R. Co., 78 App. Div. 530, 79 N. Y. Supp. 677. The complaint alleged the injury to the abdomen; it alleged her helpless condition, the pain she suffered, the nervous shock she sustained, and general impairment of her health—all of these being, doubtless, the immediate and not unnatural consequences of the injury. The complaint is silent, however, in relation to the inflammation and eruption, which, it is evident from the testi-

mony, are the result of the long continued pain, and not the immediate result of the blow upon the abdomen.

The judgment and order should therefore be reversed, and a new trial granted.

HIRSCHBERG, P. J., concurs.