(156 App. Div. 46.)

### GILLELAND v. GREASON et al.

(Supreme Court, Appellate Division, Second Department. March 28, 1913.)

DAMAGES (§ 158*)—PERSONAL INJURIES—EVIDENCE—ISSUES AND PROOF.

> Where a complaint alleged that plaintiff was injured internally, externally, and permanently about the head, body, and limbs, so that he became sick, sore, and disabled, etc., the allegation was sufficient to justify admission of evidence of a fracture at the base of the skull and of an injury to one of plaintiff's ears, which resulted in an impairment of his hearing and memory.

> [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–444; Dec. Dig. § 158.*]

Burr, J., dissenting.

Appeal from Trial Term, Queens County.

Action by George H. Gilleland against Joseph L. Greason and others. From a judgment for plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Affirmed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Jeremiah J. Coughlan, of New York City (Joseph N. Tuttle, of Newark, N. J., on the brief), for appellants.

Arthur J. Levine, of New York City, for respondent.

CARR, J. Plaintiff has recovered a verdict for $4,500 in an action brought against the defendants for personal injuries, arising from the alleged negligence of the defendants' employés. From the judgment entered on the verdict, the defendants appeal.

But one question is presented on the appeal, and that is as to the alleged erroneous admission of evidence offered by the plaintiff on the question of his damages. In the complaint, after describing the happening of the accident, the plaintiff alleged as follows:

"And thereby plaintiff was injured internally, externally, and permanently about the head, body, and limbs, so that he became sick, sore, lamed, and disabled, and so remains, and ever since has been, and will for a long time to come be, unable to attend to his usual duties, and unable to labor."

On the trial, the plaintiff proved that among the injuries which he suffered on the occasion in question was a fracture at the base of the skull, and some injury to one of his ears. He offered evidence to show that the injuries resulted in an impairment of his hearing and memory. This evidence was objected to, on the ground that these particular injuries were not sufficiently pleaded. When the question arose upon the objection of the defendants' attorney, the matter appears to have received very careful consideration from the trial justice before the actual ruling was made. It is insisted upon this appeal that, since the recent decision of the Court of Appeals in Keefe v. Lee, 197 N. Y. 68, 90 N. E. 344, 27 L. R. A. (N. S.) 837, its previous ruling in Ehrgott v. Mayor, etc., 96 N. Y. 264, 48 Am. Rep. 622, has been so limited as to prevent, in most cases, proof of specific injuries under merely general allegations in the complaint. This recent case was decided largely on the authority of Kleiner v. Third Ave. R. R. Co., 162 N. Y. 193, 56 N. E. 497, and in accordance with subsequent authorities which followed the Kleiner ruling. The learned trial court had grave doubt about the admissibility of this evidence, and frankly so stated. In the Keefe Case, the plaintiff had sustained certain injuries by being struck by a horse owned by the defendant. These injuries were described in the complaint as follows:

"Said horse did viciously attack the plaintiff, jumping upon him, kicking him in his legs and feet, striking the plaintiff upon the head, breaking his skull, tearing the skin and scalp therefrom, wounding, injuring, and bruising his right leg and his body, and nearly killing this plaintiff."

Then followed an allegation:

"That the plaintiff is seriously and permanently injured through his head, skull, eyes, and bruises to his right leg and body."

It was held by the Court of Appeals in that case that, under these allegations in the complaint, it was improper to receive evidence that the plaintiff had suffered an injury which resulted in partial deafness. So far as I understand the Kleiner and Keefe Cases, when compared with the earlier ruling in the Ehrgott Case, the rule seems to be that where a complaint, in addition to the use of general terms, contains a specification of injuries, then the scope of the pleading must be confined to the injuries so specified. In the Keefe Case the court said:

"Where a plaintiff attempts by his complaint to specify particular damages which he claims to have suffered, he thereby, at least to some extent, negatives any claim for damages other than those which he has specified. In saying that he was 'seriously and permanently injured through his head, skull, eyes, and bruises to his right leg and body,' he did not thereby include injury to the organs of hearing, but rather confined his specification to general injuries to his head and skull and eyes. As the skull and eyes are parts of the head, it will be presumed that, so far as the plaintiff intended to particularize in regard to the injuries to the head, he intended to confine his statement of injuries to the parts named, and that his claim of deafness arising from his injuries was an afterthought."

The learned counsel for the appellant contends that the rule declared formerly in the Ehrgott Case has become practically inoperative since the decision in the Keefe Case. I think this contention is not well founded. In this case at bar the allegation is about as general as it can be made. The statement that the plaintiff was injured "internally, externally, and permanently about the head" gave sufficient notice to the defendants that the plaintiff would claim internal injuries in the head. I can see no statement in the complaint that can be held to negative any claim by the plaintiff of injury to any particular organ located within the head. The injuries which the plaintiff was allowed to prove resulted from an injury to the internal organs of hearing, and likewise to some material or functional part of the brain. The defendant was in a position, by proper application to the court, to have the generalities of pleading made particulars. It is desirable that the rule as to pleading on this point should be deemed fixed, so that counsel may adjust themselves to it before the trial.

The judgment and order should be affirmed, with costs.

THOMAS, RICH, and STAPLETON, JJ., concur. BURR, J., dissents.