"The time for bringing a suit for separation from bed and board on account of cruel treatment is not limited to five years, and the Court of Chancery may, in its discretion, allow such a suit to be brought at any time within ten years limited by the Revised Statutes for bringing suits in equity."

It is urged by the plaintiff's counsel that the duty of the husband to support and maintain the wife is a continuing obligation; that the agreement of separation stated in the defendant's answer, if true, is bad as against public policy, and the plaintiff still has the right to call on the defendant to provide for her proper and suitable maintenance and support.

The proposition, is perfectly true, but the difficulty here is that the acts and conduct alleged and relied on to maintain this action are all acts and conduct alleged to have taken place over 16 years ago, and nothing is set forth subsequent to those dates. Those acts, owing to the statute of limitations, are not now available to the plaintiff to maintain her cause of action.

Should the plaintiff offer to return to her husband, and he then should refuse to receive her and provide suitably for her, his previous conduct would doubtless be taken into consideration with such refusal in determining what decree the court should make in the premises, but that is not this case.

[2] It is perfectly true the defendant still owes the plaintiff the duty to properly maintain and support her, but that is always conditioned upon the wife being ready and willing on her part to perform the duties she owes to the husband to live with him and make his home her home. Having lost her right to maintain this action, owing to the statute of limitations, the plaintiff can reinstate herself to the right of maintenance and support only by offering to resume her wifely duties. If the defendant then refuses to receive or support her, then her rights become re-established, and she may maintain a proper action for a judicial separation.

We can reach no other conclusion than that the motion must be denied.

So ordered, without costs of this motion.

(80 Misc. Rep. 258.)

PAISLEY v. WESTERN NEW YORK & P. TRACTION CO.

(Supreme Court, Trial Term, Erie County.   March, 1913.)

1. DAMAGES (§ 158*)—PLEADING (§ 317*)—PERSONAL INJURIES—BILL OF PARTICULARS.

A plaintiff, suing for a personal injury, may, under a general allegation of personal injury, prove any injury caused by the accident; but defendant may restrict the proof by requiring a bill of particulars specifying the injuries.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–444; Dec. Dig. § 158;* Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

2. PLEADING (§§ 313, 385*)—BILL OF PARTICULARS—PERSONAL INJURIES.

A complaint, in an action for personal injuries, which contains a general allegation of personal injury, and which is followed by the words, "and particularly" and a recital of specific ailments, answers the pur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

pose of a bill of particulars; and the proof must be restricted to the ailments specified.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 949, 1299; Dec. Dig. §§ 313, 385.*]

3. New Trial (§ 40*)—Objections to Evidence—Waiver.

Where the complaint, in an action for personal injuries, contained a recital of specific ailments, and the court received, without objection, evidence of other ailments caused by the accident, a new trial after verdict for plaintiff will not be granted on the ground of error in admitting evidence not within the complaint.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 62–66; Dec. Dig. § 40.*]

Action by Margaret Paisley against the Western New York & Pennsylvania Traction Company. Motion for new trial after verdict for plaintiff. Denied.

William P. Colgan, of Buffalo (E. M. Bartlett, of Buffalo, of counsel), for plaintiff.

Dowd & Quigley, of Salamanca, for defendant.

POOLEY, J. Motion for a new trial after verdict in favor of plaintiff, who was a passenger, and was injured by the sudden stopping of the car.

The important question on this motion involves the pleadings and the extent of injury permissible in proof. The complaint alleges the injuries as follows:

"Injuring her seriously about her person, and particularly her elbow, forearm, back, spine, severe contusions of the right side, wrenching of the spinal muscles, spinal sprain and severe shock to her entire nervous system, and the plaintiff suffered severe contusions to her back and elbow, resulting in traumatic pleurisy, traumatic lumbago, diminution of expansion of lung on right side, stiffness of muscles of the back on right side, and marked spasm of same on palpitation, and reflexes exaggerated, all of which injuries, as plaintiff is informed and believes, are of a permanent character."

The accident occurred July 8, 1910, and the action was commenced in May, 1911, 10 months thereafter, and it is fair to assume that all the results of the accident would have manifested themselves before the action was begun, and that the plaintiff in framing her complaint would have stated fully the extent of her injuries, if she particularized at all, and at all events would not omit the most serious result.

It appears that the conditions specifically mentioned in the complaint and proven on the trial have practically disappeared, but that the plaintiff is suffering from a retroversion of the uterus, with enlargement of that organ, which still continues, and its cure is more or less problematical without a serious surgical operation. This condition was known within two months after the accident, as evidenced by the statement of her physician and his treatment of it by him. It is strongly urged by the defendant that if this condition was brought about by the accident the plaintiff would certainly have urged it, and that the fact that it was not alleged is the strongest evidence that it existed before the accident. Plaintiff's counsel contends that the complaint was sufficient to authorize proof of this condition. I cannot agree with this.

[1, 2] The pleader may content himself with a general allegation of personal injury, and under such pleading he is at liberty to prove any injury caused by or resulting from the accident. The defendant may restrict plaintiff's proof by requiring a more definite or certain complaint, or a bill of particulars specifying the injuries. The complaint in this case makes the general allegation of serious injury about her person, followed by the words "and particularly," etc., reciting specific ailments. This form of pleading answers the same purpose as when the form of general pleading is used, and afterwards the "particulars" are called for by motion. In other words, the "particulars" are furnished in the pleading, and it must be restricted to those specified. Kleiner v. Third Ave. R. R. Co., 162 N. Y. 193, 56 N. E. 497.

[3] In this case, however, plaintiff's doctor is permitted to testify of this uterine condition, without objection from the defendant, and that the accident was the adequate cause of it, and the question arises as to whether or not this evidence should be stricken from the record on motion at the close of the case. It would have been competent and proper evidence if the pleading or bill of particulars had comprehended it. When received without objection, the court has no right to interpose, because it does not appear but that it may have been in the mind of counsel for defendant that, inasmuch as an amendment of the pleadings might have been allowed, if requested, it would be as well to permit the reception of the evidence rather than to ask for the withdrawal of a juror on the ground of surprise, and thus be put to an adjournment and a retrial of the whole case. This would be good practice, following the suggestion of Chief Judge Cullen in his dissenting opinion in Keefe v. Lee, 197 N. Y. 69, 90 N. E. 344. In that case "there are no general words in the complaint to permit of proof of any bodily injury resulting from the accident, as in the Ehrgott Case" (96 N. Y. 264, 48 Am. Rep. 622), and the court reversed the judgment because evidence was admitted, under objection and exception, of injury which was not alleged in the complaint. Even in that case, where objection was made and exception taken, two judges concurred with Cullen, C. J., in saying:

"That the plaintiff was entitled to recover compensation for injury to his hearing, if such were the fact, is unquestioned, and that the evidence received was competent to prove the fact was also unquestioned. If there was error in admitting the evidence, it was simply because the plaintiff had failed to allege in his complaint that the injury he had received had affected his hearing.  *  *  *  If, however, it was conceded that under strict rules the plaintiff should have alleged injury to his hearing, the error is not sufficient to justify a reversal of the judgment. Contrary to the general prevailing, popular belief this court, in its decisions, constantly ignores technical errors not affecting the substantial rights of the parties, often far more serious than in this case. That this error was trivial was apparent. The verdict is small. On a reversal of this judgment the plaintiff can be allowed to amend his complaint so as to state that the injury had made him deaf, and if he proves the fact will be entitled to recover therefor. The only effect of our decision will be to protract the litigation and entail additional expense on both the parties and the public."

This testimony complained of was discussed before the jury, and the charge refers to the proposition as to whether or not the uterine

141 N.Y.S.—5

trouble existed before the accident. The contention of the defendant was certainly entitled to serious consideration, and it appears clear that the verdict rendered would not be warranted, except for the acceptance by the jury of the proof of the uterine trouble; but it was a question for the jury, and with their determination, in the circumstances, the court should not interfere.

The motion for a new trial is therefore denied.