others. .From a judgment dismissing the complaint on the ground that it stated no cause of action, plaintiff appeals.    Affirmed.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUT-NAM, JJ.

M. V. McDonald, of Brooklyn, for appellant.

Charles E. Rushmore, of New York City, for respondents Demorest, Alco Building Co., Realty Trust, and Conklin.

Frederick C. Tanner, of New York City, for the respondent Metropolitan Life Ins. Co.

Elek John Ludvigh, of New York City, for respondents Adrian Building Co. et al.

PER CURIAM. The fact that at the beginning of this suit appellant owned all excepting four shares of the capital stock of the Van Cleave Construction Company did not entitle him to maintain this suit in his individual name. The title to the land was in the corporation, which was party to the building and loan agreements mentioned in the complaint. Even had plaintiff wholly controlled the corporation by ownership of every share of its corporate stock, he would not thereby, as a natural person, have legally become the corporation so as 'to bring an independent suit to enforce a corporate right. Knickerbocker v. Conger, 110 App. Div. 125, 97 N. Y. Supp. 127; Greaves v. Gouge, 69 N. Y. 154; Smith v. Hurd, 12 Metc. 371, 46 Am. Dec. 690; Wells v. Dane, 101 Me. 67, 63 Atl. 324; 10 Cyc. 995.

The judgment of dismissal of the complaint is therefore affirmed, with costs.

---

(174 App. Div. 200)

### BRISCOE v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department.    September 29, 1916.)

1. DAMAGES ⊂⊐158(3)—PLEADING—PROOF—INJURY.

Under a complaint in an action against a city for damages for injuries from falling upon a sidewalk, alleging that plaintiff was thrown to the ground and injured about her head, limbs, and body and rendered sick and disabled, and that she would remain so for a long time, proof that as a result of such injuries plaintiff had experienced a falling of the womb and was still suffering from that condition was inadmissible, since such injury was not one necessarily, usually, and immediately flowing from the injury alleged.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 441; Dec. Dig. ⊂⊐158(3).]

2. MUNICIPAL CORPORATIONS ⊂⊐762(2)—DEFECTIVE SIDEWALK—LOOSE PLANKS.

Where an abutting owner took up a flag sidewalk for teams to drive in, and for about a year left the gap open, except for some loose planks, until the police had summoned him to court for the condition of the walk, and afterwards put down planks covering nearly the entire width of the walk, which were not fastened, and wobbled in rainy weather, and where the lower planks had sunk into the mud, the city was negligent in permitting the flag walk to be kept up so long, and to be replaced by such planks.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1606–1608; Dec. Dig. ⊂⊐762(2).]

Appeal from Westchester County Court.

Action by Sallie Briscoe against the City of Mount Vernon and another. From a judgment in favor of the plaintiff, and from an order denying its motion for a new trial, the defendant city appeals. Judgment and order reversed, and new trial ordered.

Argued before STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Frank A. Bennett, Corp. Counsel, of Mt. Vernon, for appellant.

J. Henry Esser, of Mt. Vernon, for respondent.

MILLS, J. This is an appeal by the defendant the city of Mount Vernon, the other defendant not having been served or appeared, from a judgment entered in Westchester county, January 25, 1916, upon a verdict rendered at Trial Term of the County Court of Westchester County, in favor of the plaintiff, for the sum of $1,500, and from an order made at said term denying defendant's motion for a new trial upon the minutes. The action was brought by the plaintiff to recover damages for personal injuries which she claimed to have sustained on the 8th of May, 1915, by tripping and falling upon some loose planks which the city had negligently allowed an abutting owner for a long time to have upon the sidewalk in place of the flagstones which he had taken up, said planks being unfastened and insecure.

[1] The appellant's first contention is that under the pleadings it was incompetent for the plaintiff to prove that, as a result of her injuries, she had experienced a falling of the womb and was still suffering from that condition. Indeed, according to her testimony, that condition constituted the main part of her injuries and damage. The defendant in various ways objected to such evidence. The defendant, however, did not except to the practical submission to the jury of that condition as a possible element of damage, or request any instruction that the jury should not so consider it. I think, however, that defendant's exceptions to the evidence are sufficient to raise the question here. The respondent, in support of the challenged ruling, relies upon the noted case of Ehrgott v. Mayor, etc., of City of N. Y., 96 N. Y. 264, 48 Am. Rep. 622, wherein the Court of Appeals held that the allegation in the complaint that because of the accident plaintiff suffered "great bodily injury; that he became and still continues to be sick, sore and disabled"—warranted evidence that the plaintiff, as a result of the accident, had been afflicted with a permanent disease of the spine.

In the complaint here at bar the allegation is, "thrown forcibly to the ground, injuring her about the head, limbs, and body, and rendering her sick, sore, and disabled, and she will for a long time remain sick, sore, and disabled." The contention of the respondent's counsel is that the effect of such allegation is that the plaintiff was injured all over, and therefore that the allegation is, in substance, the same as the general one, viz. "great bodily injury" in the Ehrgott Case. The learned county judge evidently so concluded, as at first he sustained the objection of defendant's counsel. The appellant's counsel claims, however, that the doctrine of the Ehrgott Case has been limited by the later decisions of the Court of Appeals, so that that case, as so

limited, did not justify the admission of such evidence under the complaint here; and to sustain his claim he cites Kleiner v. Third Avenue R. R. Co., 162 N. Y. 193, 56 N. E. 497, and Keefe v. Lee, 197 N. Y. 68, 90 N. E. 344, 27 L. R. A. (N. S.) 837. In the former case it was held that under the general allegation that plaintiff suffered "a severe nervous shock," it was not competent to prove that heart disease and curvature of the spine had resulted from that shock, because it did not appear that those diseases "necessarily and immediately flowed from a severe nervous shock." 162 N. Y. 201, 56 N. E. 497. The opinion distinguished from the Ehrgott Case, although the distinguishing has always seemed, at least to me, somewhat fine. I cannot well perceive why a general specification may not warrant the evidence of any result following from that specification, provided a perfectly general allegation of bodily injury warrants proof of any disease resulting therefrom. However, applying to the case here the distinction established by the Kleiner Case, it would seem that the challenged evidence was incompetent. The complaint here alleges that plaintiff, by her fall, sustained injuries "about the head, limbs, and body." The specification "body" must, in the connection, mean the trunk as distinguished from the head and limbs. The test, therefore, is this: Did the evidence tend to show that a fallen womb was a "necessary and immediate" result of the injury? The testimony of the plaintiff was to the effect that she noticed nothing indicating any trouble of the sort until some days after her fall, and indeed, until after Dr. Johnson, who treated her for about 12 days, had ceased his treatment, and that she had never said anything about that condition until some two months before the trial, which was about 18 months after the accident. The accident occurred May 8, 1915. On June 17th following, she presented to the city officials her notice of claim, and on October 14, 1915, she was examined under oath before the mayor. Neither in the notice nor in such examination did she in any way mention any such condition or trouble. The testimony of her expert went no further than that a fall might be hard enough to produce such a condition, and that, under the circumstances which plaintiff's counsel claimed were proven, it was the opinion of the witness that the fall in this case did produce that condition through lack of proper treatment. His cross-examination indicated that such condition was not in general the immediate or necessary result of the fall.

In the other case cited by appellant's counsel, viz. the Keefe Case, 197 N. Y. 68, 90 N. E. 344, 27 L. R. A. (N. S.) 837, the complaint alleged:

"That the plaintiff is seriously and permanently injured through his head, skull, eyes, and bruises to his right leg and body." 197 N. Y. 70, 90 N. E. 344, 27 L. R. A. (N. S.) 837.

Evidence was received that as a result of his injuries his hearing had been permanently impaired. The Court of Appeals, by a bare majority vote, reversed upon account of the admission of that evidence. The majority opinion declared the rule to be that under a general allegation of injury to the body or to a part of it, e. g., the head, the plaintiff can prove only such results as "necessarily, usually,

and immediately flow from the injury." 197 N. Y. 71, 90 N. E. 344, 27 L. R. A. (N. S.) 837. That opinion further declared that the doctrine of the Ehrgott Case must be confined "as a precedent to the language used in the complaint in that case." 197 N. Y. 73, 90 N. E. 344, 27 L. R. A. (N. S.) 837. The reversal in the Keefe Case was based solely upon the error of receiving evidence of plaintiff's deafness. 197 N. Y. 70, 74, 90 N. E. 344, 27 L. R. A. (N. S.) 837. The report in that case fails to indicate that the defendant's counsel raised his objection in any other way than to the reception of the evidence. It would seem that the decision in the latter, the Keefe Case has restricted the rule even more than the Kleiner Case did, as the latter used merely the terms "necessarily and immediately flowed" (162 N. Y. 201, 56 N. E. 497), while the former (the later case) uses also the term "usually," viz. "as necessarily, usually, and immediately flow" therefrom (197 N. Y. 71, 90 N. E. 344, 27 L. R. A. [N. S.] 837). I think that under either of those decisions the learned county judge should have excluded the evidence that plaintiff's condition of fallen womb was due to this accident.

[2] The appellant further contends that the evidence did not establish defendant's negligence. Upon that point the evidence was to the effect that the adjoining owner, in aid of the alteration of the building, took up the flag sidewalk for a space of about 10 feet, for teams to drive in, before January 1, 1914, and that for about a year he left the gap open, except for some loose planks, until the police officer upon the beat summoned him to court for the condition of the walk, and then the owner put down three two-inch planks so as to cover nearly the entire width of the walk. In March, 1915, the planks had sunk into the mud, and the officer reported the walk as unsafe, and the owner placed two planks on top of the other three which had sunk into the mud. Apparently two or three times before May 8th, the officer reported the walk as unsafe. That very morning he so reported it. There had been rain, and the earth had worn away underneath the planks so that they were uneven. The planks were not fastened, and would wobble in rainy weather. It seems to me perfectly clear that the city was negligent in permitting the flag walk to be kept up so long, being replaced by such insecure planks.

I recommend, therefore, that the judgment and order of the county court of Westchester county be reversed, and a new trial ordered, costs to abide the event. All concur.